## HORACE GATES *v.* L. W. WALKER *et als.*

NOTICE OF APPEAL.—A notice of appeal from a judgment and from all orders made in the cause, is only an appeal from the judgment. It does not sufficiently describe any order.

REVIEW OF NON-APPEALABLE ORDERS.—Non-appealable orders can be reviewed only by means of a statement on appeal from the final judgment.

INDEPENDENT APPEALS IN SAME ACTION.—Where one of the parties in an action appeals, and another party in the same action takes another and independent appeal, neither party in the appellate Court can refer to the transcript in the other appeal for the facts without a stipulation to that effect. Each appeal must be heard on its own record.

APPEALABLE ORDERS.—Neither an order overruling a demurrer, nor an order refusing to set aside an order vacating a former order dismissing a cause as to certain defendants, is appealable.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The transcript did not contain a judgment, but contained the demurrers of four defendants and the order of the Court overruling the same. It also contained an order of the Court dismissing the cause as to three of the defendants, and an order setting aside the order of dismissal, and an order refusing to vacate this last order. There was a still further order appointing a referee. Counsel for appellant in his brief referred to a transcript made in the same cause in an independent appeal taken by other defendants in the same action. The notice of appeal, after stating the appeal from the judgment, also said : " and from all orders and each and every order made therein previous to the last judgment." This was the appeal of defendants Walker, Greig, Charles H. Willson, and A. T. Willson.

The other facts are stated in the opinion of the Court.

*Allen T. Willson,* for Appellants.

*F. T. Colton,* for Respondent.

By the Court, SAWYER, C. J. :

We think the objection of the respondent, that there is no record here presenting the questions sought to be raised by appellants, insuperable. The appeal is from the final judgment, for none of the orders mentioned in general terms in the notice of appeal, if they were sufficiently described, are appealable. (Practice Act, Sec. 347.) There is no statement on appeal, and most of the questions raised could only be presented by a statement. (*Harper* v. *Minor*, 27 Cal. 107; *Wetherbee* v. *Carroll*, 33 Cal. 549.) There is no judgment roll in the record, and no part of a judgment roll which presents the questions discussed. There is no complaint, no answer, no judgment—in fact, nothing but demurrers to pleadings not in the transcript, and sundry interlocutory orders made in the course of the proceeding, none of which are appealable, and a notice and undertaking on appeal. Appellant refers to the record of an appeal taken by other parties in the same case, but wholly independent of this appeal, and asks that it may be consulted. There is no stipulation that the record in the other appeal may be used as the record in this appeal, and respondent's counsel well says: "Those other transcripts are made without reference to any errors that these appellants might assign. If, when one party appeals and files his transcript, another party can assign errors on that transcript, it is evident that the second party could almost always obtain a reversal of the judgment. One of two defendants could appeal and file his transcript, and another defendant could assign errors affecting himself, and obtain a reversal upon a transcript prepared without reference to his errors." The statute provides for preparing records on appeals, which shall omit all matter not in some way having a relation to the errors specified by the appellant, when the record is being prepared. Such a record is, of course, not a record of all that transpires in the case, and if other parties, after it is made up with a special reference to the points specified,

could take an independent appeal, and show errors in it, which were not contemplated by the parties in proposing it, there would be no safety to them. Each party taking an appeal must present his own record, prepared in pursuance of the provisions of the Practice Act, with especial reference to the errors of which he complains. The respondent can only be called upon to respond to the record which the appellant serves upon him and files in the case. If that record does not present all of the record in the Court below favorable to his side of the question, he has an opportunity to have the defect supplied by suggesting a diminution of the record, and requiring the omitted matter to be certified up. But how is he to protect himself when, after the cause is submitted on briefs to be filed, as was done in this case, and the appellant serves his brief, he finds the cause argued, not on the transcript served on him and filed in the case, but upon the record in some other appeal prepared with reference to other errors, and which may in no way affect him, and which he may, in fact, know nothing about? Such a practice is unauthorized, and cannot be tolerated. We have so held before. (*Fair* v. *Stevenot*, 29 Cal. 487.)

The record in this appeal presents nothing for us to review, and the judgment must necessarily be affirmed.

It is so ordered.