[Civ. No. 3547. Fourth Dist. Dec. 11, 1946.]

WESTERN GULF OIL COMPANY (a Corporation), Respondent, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

Robert Wanamaker and Boyle, Holmes, and Fry & Garrett for Appellant.

J. G. Leovy, P. O. Broxon and Borton, Petrini, Conron & Borton for Respondent.

BARNARD, P. J.—The respondent has moved to dismiss this appeal on the ground that the order from which it was taken did not constitute a final judgment and was not appealable.

The action is one for declaratory relief and for services rendered. It was brought for the purpose of determining whether the defendant, as the lessor of certain oil land, was chargeable under the terms of the lease with its proportionate royalty share of the cost of dehydrating the wet oil, and to recover the amount claimed to be due in that connection.

The defendant made a motion in the trial court asking that an order be made providing that the trial of the case should proceed "in the following manner, to wit: that it shall first be determined whether or not the defendant is liable under its contract for the payment of any dehydration costs, and in the event it is determined that liability exists that the matter be set down for further hearing at a time which will give the parties reasonable opportunity to prepare for the remaining issues." This motion was made on February 18, 1946, at which time the parties filed a written stipulation agreeing that the motion should be granted. On the same day, a minute order was entered granting this motion in accordance with this stipulation.

On August 26, 1946, after a hearing on the issue of liability, the following order was entered in the minutes:

"The above entitled cause having been heretofore heard and submitted to the Court for consideration and decision and the Court after due consideration and being fully advised in both the law and the premises, it is hereby Ordered, adjudged and decreed that plaintiff be and is hereby declared to be entitled to charge defendant the proportionate part of the cost of dehydrating the oil produced on the premises involved herein."

From the clerk's certificate it appears "that a written judgment, in accordance with said order, has not been filed in this action, and that notice of entry of judgment is not on file in said action." Notice of appeal from this minute order was filed by the defendant on October 15, 1946. The plaintiff has now moved to dismiss this appeal on the ground above stated.

While it seems probable that this appeal was taken largely as a precautionary measure, the appellant earnestly contends that this order constitutes a final judgment from which an appeal lies, because section 1060 of the Code of Civil Procedure provides that in an action for declaratory relief "the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed," and that "such declaration shall have the force of a final judgment." It is argued that this "declaration" of rights and duties is thus made separable from any "other relief" sought, and given "the force of a final judgment"; and that it follows that the order in question is a final judgment within the meaning of section 963, Code of Civil Procedure. In effect, it is

contended that a statutory exception is thus provided, in declaratory relief actions, to the usual rule that an order or judgment is not appealable, although it may fix certain liabilities and rights of the parties, where further judicial action is essential in order to determine the issues raised in the action.

It seems clear, under that statute, that where "other relief" is not sought, the court has the power to make such a "binding declaration" which would have the effect of a final judgment, and be appealable. And the court would have the same power after passing upon "further relief" which was also sought. Whether a court has the same power, without passing upon an issue of "further relief" which is also raised, is not so clear. Any such power, if it exists, must be based upon inference and not upon the express language of the statute.

Assuming, for present purposes, that such a power is conferred by this statute, it is not one which must be exercised in all such cases. Whatever the power given, it is one which "may" be exercised by the court. And it does not follow that in any action for declaratory relief in which other relief is also sought, the determination of a preliminary question of liability must, of necessity, constitute a final judgment which is appealable. Such a result should not follow where a contrary intent appears (*Johnson* v. *Solomons,* 124 Cal.App. 43 [12 P.2d 140]), and where a further hearing has been ordered for the express purpose of determining the remaining issues raised in the action.

Such a contrary intent here sufficiently appears from the record. At the request of the parties, the court ordered that the action be tried in a certain manner; including both a hearing on the issue of liability and a further hearing on the other issue, in the event liability was found to exist. The order appealed from was entered in accordance with, and as a part of, this prearranged manner of trial of the action in its entirety. In effect, it was stipulated that a decision on the issue of liability, if in favor of this respondent, should be preliminary in nature and should be followed by a further hearing to determine its ultimate effect. The court's order in this connection approved and confirmed this method of trial, and clearly disclosed the court's intention in that regard.

It sufficiently appears that the order appealed from was interlocutory in nature, was entered as a part of a prearranged

method of trial, and was not intended to be a final judgment. It follows that it was not an appealable order or judgment, regardless of what might have been its effect under different circumstances.

The motion is granted and the appeal is dismissed.

Marks, J., and Griffin, J., concurred.