[Sac. No. 5905. In Bank. Apr. 12, 1950.]

MAZIE ERICKSON as Executrix, etc., Appellant, v. CLYDE D. BOOTHE, Respondent.

Lafayette J. Smallpage, Harold J. Willis, T. B. Scott and Val G. Preston for Appellant.

Taylor & Taylor, Edward T. Taylor and Edward T. Taylor, Jr., for Respondent.

GIBSON, C. J.—This action, for declaratory relief, was brought to determine whether defendant lessee had effectively exercised an option to "re-lease" certain real property under the terms of a lease contract. A judgment in favor of plaintiff was reversed on appeal without direction. (*Erickson* v. *Boothe*, 79 Cal.App.2d 266 [179 P.2d 611].) Plaintiff thereafter filed a dismissal, and defendant, who had also sought declaratory relief, moved the trial court for judgment in accordance with the decision on appeal. The trial court set aside the dismissal and entered judgment declaring that defendant had effectively exercised the option and was entitled to be restored to the possession of the property, and concluding that defendant was entitled to an accounting of the rents, issues and profits taken by plaintiff who obtained possession of the premises at the close of the original trial.

Plaintiff has appealed from this judgment, urging several grounds for its reversal. We are of the opinion, however, that the appeal must be dismissed because the judgment is not appealable. It provides that defendant "is entitled forthwith to an accounting by plaintiff for the rents, issues and profits of said premises while plaintiff was in possession

thereof,'' and "that unless said parties are able to agree on said accounting and unless payment thereof is made by plaintiff to defendant'' by specified dates defendant, if he so elects, may "proceed in this action to recover said rents, issues and profits thereof. . . .'' It is manifest that the judgment is merely interlocutory and was so intended because the court contemplated that further judicial proceedings would be necessary in this action before there would be a final adjudication of the matter. An appeal does not lie from such a judgment. (*Lacey* v. *Bertone*, 33 Cal.2d 649, 653 [203 P.2d 755].)

The appeal is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.