[Civ. No. 17635.   Second Dist., Div. Two.   Oct. 16, 1950.]

EDGAR   MAXWELL,   Appellant,   v.   J.   WHITCOMB
BROUGHER, JR., et al., Respondents.

A. Brigham Rose for Appellant.

Harry W. Chase, Meserve, Mumper & Hughes for Respondents.

WILSON, J.—The question presented by this appeal is whether a court of law has jurisdiction to interfere with the internal disciplinary matters of a religious corporation and to enter and enforce a judgment directing the manner in which the officers, boards and congregation of such a corporation shall proceed in the matter of hearing and disposing of charges made against the pastor of the church.

Fortunately such controversies as the one involved in this action are few and it is to be regretted that the matter now before the court, as well as all schisms in religious organizations, could not have been terminated by the order of the ecclesiastical tribunals that are provided for that purpose without resort to the civil courts.

The amended complaint alleges that charges were presented to the pastor of the church in March, 1945, accusing him of having engaged in a course of conduct which, if the charges had been true, would be sufficient grounds for his removal as pastor; upon his refusal to resign the same charges were, in June, 1945, presented to the officers of the church with the request that the same be laid before the congregation; the pastor and the deacon board, in violation of the constitution, customs, regulations and discipline of the Baptist Church, failed to disclose the nature of the charges to the congregation but instead, on June 20, 1945, presented to the congregation a vote of confidence with the statement that the rumored charges against the pastor were untrue; the majority of the members present rejected the motion and voted in favor of hearing the evidence but a vote of confidence was declared to have been carried in favor of quashing the presentation of such accusations. The pleading contains allegations of other irregularities in the proceedings, various efforts of plaintiff to have the charges heard, and his failure to accomplish his desire.

Sprinkled through the complaint are allegations with reference to a "Fellowship Fund" in which plaintiff and all members of the church are alleged to have a financial and beneficial interest, together with statements concerning the alleged misuse of the funds. Such charges are not separately stated from those of alleged misconduct of the minister.

The second cause of action purports to be for declaratory relief. It is alleged that an actual controversy has arisen with respect to plaintiff's rights and those of the members of the congregation of the church but it is further alleged that "the attitude and position of the defendants named in this action are not known," followed by other averments with reference to the acts and conduct of the pastor and to the Fellowship Fund and buildings and property belonging to the church corporation.

Defendants' demurrer to the amended complaint having been sustained without leave to amend judgment was entered that plaintiff take nothing by his action, from which he has appealed.

█ Ecclesiastical decisions are not reviewable by the secular courts. The church here in question is an independent, democratic, strictly congregational organization governed solely within itself, owing no allegiance to a higher power or jurisdiction. Such an organization may create tribunals for the decision of controversies with reference to its internal affairs and for the ecclesiastical government within the association of its individual members and officers. Where the subject matter of a dispute is purely ecclesiastical in its character, a matter which concerns church discipline or the conformity of its members to the standard of morals required of them, the decision of the church tribunal will not be interfered with by the secular courts either by reviewing their acts or by directing them to proceed in a certain manner or, in fact, to proceed at all. If the civil courts undertook so to do they would deprive such bodies of their right of construing their own church laws including doctrinal theology and the uses and customs of every religious denomination. (*Watson* v. *Jones,* 13 Wall. (80 U.S.) 679, 724 ff. [20 L.Ed. 666].)

█ The rule adopted by the Supreme Court of this state is that the decrees of an ecclesiastical body are binding not only upon the church as such body but are binding and conclusive upon the civil courts whenever pertinent and material to pending litigation. (*Wheelock* v. *First Presbyterian Church,*

119 Cal. 477, 482 [51 P. 841] ; *Permanent Committee etc.* v. *Pacific Synod,* 157 Cal. 105, 128 [106 P. 395].) In *Blount* v. *Sixteenth St. Baptist Church,* 206 Ala. 423 [90 So. 602], cited by plaintiff, the court declares the democratic character of the Baptist Church and quotes from *Nance* v. *Busby,* 91 Tenn. 303 [18 S.W. 874, 15 L.R.A. 801], that discipline is administered by the body of the congregation; a majority of members voting when the church sits in conference determines the result of any motion or resolution disciplining a member; it is a pure democracy with the power of excommunication reposing in the majority of the members voting at any conference. Persons who are voluntary members of the organization submit themselves to the absolute power of a majority and tacitly agree to abide by and submit to such judgments.

From the foregoing it is manifest that the civil courts will not interfere with the decision of the congregation insofar as the charges against the pastor of the church or any other theological or disciplinary matter is concerned.

The allegations with reference to the Fellowship Fund are so interspersed with those relating to the accusations against the pastor that it is difficult to separate them from one another. It is gleaned from the pleading and from the prayer that plaintiff seeks an accounting of the fund and in the event the pastor is permitted to retain his pulpit plaintiff and those having a common interest with him may have allocated to them a fair and equitable division of the property of the church. The authorities do not sustain plaintiff's position. Where members of a church of congregational character, such as the church here involved, separate from the organization the members who remain constitute the church and retain its rights and property. (*Dyer* v. *Superior Court,* 94 Cal.App. 260, 270 [271 P. 113] ; *Bomar* v. *Mount Olive etc. Church,* 92 Cal.App. 618, 623 ff. [268 P. 665] ; *Watson* v. *Jones, supra,* at page 725.)

Plaintiff alleges in his pleading that he is acting in behalf of the entire religious association by reason of the fact that he and the whole membership have a common and personal interest in the matters and things which are the subject of the action. Notwithstanding his assertion that he is acting on behalf of the entire congregation, throughout the amended complaint he refers to a division of sentiment, one faction sustaining the pastor, the other seeking his removal. He avers such a conflict of interest that there can be no virtual representation by himself for the entire congregation since the

interests of the representative and the represented must "be so identical that the motive and inducement to protect and preserve may be assumed to be the same in each." (*County of Los Angeles* v. *Winans,* 13 Cal.App. 234, 249 [109 P. 640].)

Disposition may be readily made of the second cause of action. To enable the court to award a declaratory relief judgment there must be an "'actual controversy relating to the legal rights and duties of the respective parties, . . .'" (Code Civ. Proc., § 1060.) Obviously there cannot be a controversy unless one party actually opposes the position taken by the other. If there be no controversy there is nothing to be determined by the court. Plaintiff's allegation that the position of defendants is unknown is not an allegation of a controversy since it does not appear that defendants' position is in opposition to that of plaintiff.

Judgment affirmed.

McComb, J., concurred.

Moore, P. J., deeming himself disqualified, did not participate herein.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1950.