[S. F. No. 18648. In Bank. Dec. 12, 1952.]

PROVIDENCE BAPTIST CHURCH OF SAN FRANCISCO (a Nonprofit Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Edward D. Mabson for Petitioners.

Joseph E. Isaacs, Alan H. Critcher, Delany, Fishgold & Minudri and Joseph A. Murray for Respondent.

CARTER, J.—Prohibition is sought to restrain further proceedings by respondent court in an action pending therein in which Providence Baptist Church of San Francisco, a nonprofit corporation, and the trustees of the corporation are plaintiffs and F. B. Banks, the pastor of the church, is defendant.

The action is one for declaratory relief in which it was asserted by plaintiffs that defendant had been regularly and properly discharged as pastor of the church but refused to vacate the position and surrender documents and funds of the church. Issue was joined by defendant asserting that he is the pastor of the church and rightfully holding his position.

The action was tried for 10 days before the court without a jury. Findings were made in which it was stated that the plaintiff church is a nonprofit corporation duly organized and the trustees named were in 1950 the duly elected trustees of the corporation; that prior to October 1, 1950, defendant was the pastor and spiritual leader of the church but that a resolution removing him, to become effective on October 1, 1950, had been adopted by the trustees on September 15, 1950, and, at a meeting of the members of the congregation and corporation on September 16, 1950, a resolution had been adopted purporting to remove defendant as pastor as of October 1, 1950; that in spite of the resolutions defendant refused to vacate the position; that defendant and the secretary of the corporation have in their possession funds of the church and defendant has made no report thereof except on September 6, 1950, and two years prior thereto; that defendant has in his possession records of the corporation showing its assets but refuses to deliver them to the trustees; that certain

described real property is owned by the corporation; that defendant claims but has no interest therein; that defendant organized the church on June 6, 1943, and it was incorporated on July 26, 1945, and defendant was pastor from the beginning; that a "full, free and fair" election cannot be conducted by defendant or the officers of the church and it is to its members' best interest that an election be held under the supervision of a court appointed referee to determine whether defendant shall be removed as pastor; that the articles of the corporation do not specify the number of trustees, but that there were three originally; that the only election of directors ever held was on August 21, 1950, when plaintiffs trustees (three of them) were elected and on September 9, 1950, when two more were elected; that no by-laws have been adopted; that the commencement of the action was authorized by the trustees but the "church" employed no counsel to defend the action; that defendant is the pastor and spiritual leader of the church; and finally, that a controversy exists and the court has jurisdiction.

In its interlocutory judgment the court declared the matters so found and further declared: That the resolutions purporting to remove defendant as pastor did not do so; that the trustees are entitled to the funds and records of the corporation; that a named referee is appointed to hold an election among all the members after due notice to determine whether defendant should be removed as pastor and a named referee is appointed to take an account to ascertain what defendant owes the corporation; and reserving jurisdiction to make such further orders as might be necessary when the referee's reports were in.

Defendant's counsel filed notice of appeal from the interlocutory judgment on behalf of defendant and purportedly on behalf of the corporation, although as seen from the findings the corporation was a plaintiff in the action and represented by other counsel and the action was duly instituted by the duly elected trustees of the corporation. That appeal was dismissed by the District Court of Appeal, First District, Division One, on October 22, 1951, on the grounds that the judgment was interlocutory and hence not appealable. (See *Erickson* v. *Boothe*, 35 Cal.2d 108 [216 P.2d 454]; *Lacey* v. *Bertone*, 33 Cal.2d 649 [203 P.2d 755]; *Lyon* v. *Goss*, 19 Cal. 2d 659 [123 P.2d 11]; *Western Gulf Oil Co.* v. *Title Ins. etc. Co.*, 77 Cal.App.2d 217 [175 P.2d 56].)

The petition for prohibition names the corporation and defendant as petitioners and is verified by defendant and Irene Parker who asserts that she is the secretary of the corporation. Counsel represents himself as attorney for defendant and the corporation. Inasmuch as he was not counsel for the corporation in the main action (because the corporation was one of the plaintiffs in that action and he represented the defendant, and no substitution of attorneys appears) we will treat the petitioner here as being defendant in the action.

In his petition, petitioner alleges the procedural events that have transpired and then proceeds with many factual allegations such as: The existence of the corporation; that the church is a local independent entity owing no allegiance to any higher authority; that there are three directors of the corporation, of which petitioner is one and Irene Parker and Robert Fite are the others; that the form of the church is not congregational in that members have no voice in its government, since deacons are appointed by the pastor and they in turn choose and remove the pastor. The return to the petition asserts that the church has a congregational government. All of those things were presumably determined at the trial of the action and we do not have a transcript of the proceedings. Implicit in the findings and interlocutory judgment is the conclusion that the church is congregational in form and the members select the officers including the pastor. Under such circumstances if it is decided, as it is later herein, that the court had jurisdiction to determine whether the church had followed the procedure established by its usage, custom, rules and regulations in respect to the pastor's position, then the court had jurisdiction to decide rightly or wrongly what those usages and regulations were and the judicial process should not be halted by prohibition. We take, therefore, the facts as appearing in the interlocutory judgment and findings.

Preliminarily we have the question of whether a writ of prohibition is the appropriate remedy. Assuming that a jurisdictional question is presented (whether a court may adjudicate the issues presented which arise out of a church controversy), there is no appeal from the judgment entered because it is interlocutory and no appeal lies from the order appointing a referee (see *Fallon* v. *Brittan,* 84 Cal. 511 [24 P. 381]; *Gates* v. *Walker,* 35 Cal. 289; 22 Cal.Jur. 701), there still remains the question of whether an appeal from the final judgment after the reference is adequate, for of course an appeal lies from it. Prohibition will not

issue when there is another adequate remedy. (*City of San Diego* v. *Superior Court*, 36 Cal.2d 483 [224 P.2d 685].) There is still to be had the reference by the referee to take an account and conduct an election, his report to the court, and its adjudication thereon. Petitioner claims as reasons why he will be injured by having those things done and an appeal thereafter taken, that he might lose the election and be removed from his position. There is a serious obstacle to a review of the interlocutory judgment by the writ which petitioner requests because there is nothing there to prohibit. The interlocutory judgment has been rendered and the referee appointed. ▆ In general, a writ of prohibition issues only to prevent the commission of a future act and not to undo an act already performed. (*Evans* v. *Superior Court,* 14 Cal.2d 563 [96 P.2d 107]; 21 Cal.Jur. 581-583.) However, here things remain to be done, that is, the carrying out of the references and the adjudication thereon. If there is no jurisdiction to conduct the election there was none to make the interlocutory judgment. Hence the basic objections are to that judgment. While we do not have a transcript of the trial proceedings leading to judgment yet we do have the findings and judgment.

▆ It is the general rule "that the remedy in the ordinary course of law by an appeal from the judgment at the end of the trial is not adequate when the court has no jurisdiction to proceed with the action and no appeal is available before final judgment. (*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 392 [217 P.2d 968].)'' (*City of San Diego* v. *Superior Court, supra,* 36 Cal.2d 483, 485.) While here a partial trial has been had, there remain things to be done which would be injurious to petitioner. ▆ "Where an order is not appealable, but is reviewable only upon appeal from a subsequent judgment, various factors, such as expense of proceeding with a trial and prejudice resulting from delay, may operate to make that remedy inadequate.'' (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 370 [217 P.2d 951].) We hold therefore that petitioner's remedy by appeal from the final judgment is not adequate. Hence prohibition is the proper remedy.

We come, therefore, to the merits of the jurisdictional question. ▆ As long as civil or property rights are involved, the courts will entertain jurisdiction of controversies in religious bodies although some ecclesiastical matters are incidentally involved. (*Rosicrucian Fellowship* v. *Rosicrucian*

*Fellowship Non-Sectarian Church,* 39 Cal.2d 121 [245 P.2d 481].) · ▉ That there are civil and property rights present is apparent from the findings and judgment. The real property of the organization and funds collected are involved. Necessarily involved in the determination of who shall be pastor is the question of who shall receive the emoluments of the office, which presents a problem involving civil and property rights.

▉ Here we have a religious group incorporated under the nonprofit corporation law. Such a corporation may be formed for religious purposes. (Corp. Code, § 9200.) We may assume that the members of the corporation are members of the church, as such corporations contemplate membership (see Corp. Code, §§ 9301, 9600-9611) and that its powers are exercised by a board of directors (see Corp. Code, § 9500).

▉ Insofar as the church property and funds are concerned, we can see no reason why the corporation, through its directors, cannot require an accounting to be made by the pastor. (See *Bouldin* v. *Alexander,* 103 U.S. 330 [26 L.Ed. 308].)

With respect to the pastor's compensation and, necessarily incidental thereto, who shall receive it and who shall hold the position, a somewhat different question is presented. The court found that both the directors and members had passed resolutions removing defendant; that these resolutions were not effective; and that a fair election among the members could not be held under the auspices of either the directors or defendant. These findings indicate that the members may exercise the power of removal. So far as appears from the findings and judgment, there are no church tribunals which determine these questions. ▉ Apparently the church is the congregational type in which its affairs are controlled by the members. That type exists "where each local group is in charge of all its affairs through majority vote of its members and there is no control from above." (*Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church, supra,* 39 Cal.2d 121, 133.) ▉ Although there are cases seemingly to the contrary (see 76 C.J.S., Religious Societies, § .89), it has been held that where a religious society has no tribunal but the congregation, a court may determine whether the meeting at which a pastor was removed was properly conducted according to the usage, contracts and rules of the society, or according to pertinent

principles of law where civil and property rights, such as the emoluments of the position, are involved, and that in so doing the court is not interfering with any ecclesiastical function. (See *Dyer* v. *Superior Court*, 94 Cal.App. 260 [271 P. 113]; *Longmeyer* v. *Payne*, (Mo.App.) 205 S.W.2d 263; *Jennings* v. *Scarborough*, 56 N.J.L. 401 [28 A. 559]; *Evangelical Lutheran St. Paul's Congregation* v. *Hass*, 177 Wis. 23 [187 N.W. 677]; *Runkel* v. *Winemiller*, 4 Har. & McH. (Md.) 429 [1 Am.Dec. 411].) In the Dyer case, the court was concerned with whether the trial court had jurisdiction to decide what group in a church had the authority to discharge the pastor and, upon so determining, to ascertain whether the proceedings for the discharge followed the established procedure. The court held that jurisdiction existed, stating (p. 268): "With this understanding of the church government it becomes apparent that the respondent court not only has jurisdiction to construe the provisions of the constitution which we have been considering, but also has jurisdiction to determine that the Los Angeles Association of Congregational Churches and Ministers has withdrawn its fellowship from the petitioner and the effect of such action, as to whether it is final and conclusive, as well as its effect upon the petitioner. . . . It is proper, however, to call attention to the fact that our Supreme Court has definitely aligned itself with those authorities which hold that the civil authorities cannot disregard the decisions of the church tribunals. . . . It also seems meet to say, in order to avoid subsequent possible confusion, that *Watson* v. *Jones, supra*, 80 U.S. [13 Wall.] 726, [20 L.Ed. 666] also quotes with approval from authorities to the effect that the supervisory power of the civil tribunals may not be invoked when the only property involved is the loss of clerical office and the salary incident thereto. Having determined that the respondent court has the authority to determine what the ecclesiastical tribunal decided, it also follows that it has the jurisdiction to determine whether one who has been deprived of the fellowship of the Los Angeles Association of Congregational Churches and Ministers can or cannot act or claim to act as pastor of one of the units constituting the Los Angeles Association."

In *Maxwell* v. *Brougher*, 99 Cal.App.2d 824 [222 P.2d 910], the court was considering the jurisdiction of the court to determine the manner in which the members and officers were to proceed in hearing and disposing of charges against the

pastor. Jurisdiction was denied but on the ground that the decision of a church tribunal on ecclesiastical matters is final rather than whether the church had followed its rules. No consideration was given to the emoluments of the position. Here we have no such question. No church tribunal has properly and finally acted. We are holding that the court may determine whether the rules of the society have been followed and if they have not what will be the resulting effect on civil and property rights.

Generally a court will decide whether a meeting was properly called or conducted when civil or property rights are involved. (*Trett* v. *Lambeth*, (Mo.App.) 195 S.W.2d 524.) In regard to the conduct of an election by the congregation or other church body or its officers under a court decree it has been said: "We do not mean that an election can never be called. If—for instance—a complaint should be filed stating that by force, threats, etc., the desire of the majority could not be ascertained, then a court could properly decree a clear election—not to decide the result of a pending case, but as granting the relief prayed, i.e., a clear election." (*Elston* v. *Wilborn*, 208 Ark. 377 [186 S.W.2d 662, 664, 158 A.L.R. 179].) (See 31 L.R.A.N.S. 686.) An analogous principle is expressed in referring to shareholders' meetings in an ordinary corporation: "The court may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, and direct such other relief as may be just and proper." (Corp. Code, § 2238.) That section is made applicable to nonprofit corporations. (Corp. Code, § 9002.) While we may not be dealing with the officer of a corporation in the strict sense (the pastor of a church is involved) the situation is similar and we see no reason why an election cannot be conducted where, as appears, a fair and proper election cannot be conducted by the church and the election previously held was irregular and of no effect. In other words the appropriate body of the church is assisted in acting within its proper sphere, according to its rules and regulations, to protect civil and property rights. If the problem was whether the pastor was preaching a theology contrary to the denominational doctrine or conducting religious services in a manner out of harmony with the ritual of the church, it would clearly not be within the province of a court to interfere, and the controversy would have to be settled by the church tribunals. But

where, as here, the question presented is whether the property and funds of the church are being handled in accordance with the by-laws and rules of the church corporation or such by-laws and rules are being properly observed by the governing body of the church, those aggrieved may seek redress through court action.

The petition for the writ of prohibition is denied and the alternative writ is discharged.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—Because, in my opinion, prohibition is not the proper remedy, I concur in the judgment denying the petition for the writ and discharging the alternative writ.

The principal objections in this proceeding are to the interlocutory judgment, which is not appealable. In effect, Banks seeks, and the majority permit, the writ to be used as a method of appeal from that judgment. As stated in the opinion, ''There is a serious obstacle to a review of the interlocutory judgment by the writ which petitioner requests because there is nothing there to prohibit.'' However, despite this difficulty, the basic issue is decided upon the merits without the benefit of any record on appeal or transcript of the evidence. Lacking these essentials to an adequate review of the judgment, the majority are forced to assume most of the relevant facts and imply much of the remainder from the limited, and confusing, findings made by the trial court. It is impossible, from the few facts which appear, to determine whether the issue is correctly decided upon the merits. It well may be that the record, which is not before this court, would disclose judicial interference with denominational doctrine.

The petitioner has not alleged any reasons why he will be injured by awaiting the final judgment, from which he may appeal. The trial has been completed and little remains to be done before a final adjudication. For this reason, the general rule of inadequacy of an appeal after trial when the court has no jurisdiction to proceed with the action is not here applicable. The expenditure of time and money alone is not sufficient to render the remedy by appeal inadequate. (*Jollie* v. *Superior Court*, 38 Cal.2d 52, 56 [237 P.2d 641].) Apparently, the delay and expense to carry

the action to final judgment will be negligible in comparison to that already incurred.

The real purpose of the present proceeding is to review a judgment from which no appeal lies, rather than to prevent the court from hearing and determining an action of which it does not have jurisdiction. The final judgment, from which an appeal will lie, obviously will be based upon issues of law and fact already determined by the interlocutory judgment. There is no showing that the petitioner will be prejudiced by awaiting his proper remedy by appeal. If that procedure were followed, this court would then have before it a record upon which to review the judgment.

Petitioners' application for a rehearing was denied January 8, 1953. Edmonds, J., was of the opinion that the petition should be granted.