[Civ. No. 16041.   First Dist., Div. One.   Feb. 8, 1955.]

ATHA BURNETT et al., Respondents, v. F. B. BANKS,
et al., Appellants.

Edward D. Mabson for Appellants.

Delany, Fishgold, Freitas & Rowe for Respondents.

BRAY, J.—Defendants Providence Baptist Church of San Francisco, a nonprofit corporation, and F. B. Banks, its alleged pastor, appeal from a judgment ordering an election of directors of the corporation and from the decree pursuant to report of referee determining the results of the election.

## QUESTIONS PRESENTED

They are innumerable, many of which concern other actions between the parties, or some of them, not before this court. However, the main questions, of which some of the others are a part, are (1) the right of the court to order and conduct an election of directors in a church corporation, and whether such election was legally conducted. (2) Do plaintiffs have the right to maintain this action?

## RECORD

Plaintiffs alleged and the court found, that there is a church body known as "Providence Baptist Church" and a California nonprofit corporation also known as "Providence Baptist Church"; (that there is no dispute here between plaintiffs and the church body); that both plaintiffs and the individual defendants are members of the corporation; that since its incorporation in July of 1945 there has never been an election of directors; that two of the three directors named in the articles of incorporation have resigned, and no one elected to take their places; that defendant Banks, the third of said directors, purported to appoint as successors to the two who resigned, defendants Parker and Johnson, and although on numerous occasions plaintiffs and other corporate members have requested defendants to hold an election of directors

and a meeting to promulgate by-laws, there being none, defendants have refused so to do; that it is necessary that an election of directors be held but that a fair election cannot be held if its conduct is in defendants' hands; that defendants intend to dismiss illegally plaintiffs as members of said corporation. After a trial, the court ordered that an election of directors under the supervision of a referee appointed by the court be held and that defendants in the meantime be restrained from attempting to remove plaintiffs as members of the corporation. An election was so held. The referee reported the unanimous election of plaintiffs Burnett, Jones and Johnson. The court confirmed the report of the referee and declared said persons the duly elected directors of the corporation.

1. *Right to Order Election.*

It is conceded that no election of directors has been held since the incorporation in 1945 and that two of the original three directors resigned in 1947. There is a conflict as to whether Banks, the third director, under the authority of Corporations Code, section 9502, validly filled the vacancies. The court resolved this conflict against defendants' contention that he did. It is unnecessary to detail the evidence on this subject, for whether he did or did not is unimportant on the question of whether an election was necessary. ▆ Certainly no directors of a corporation, whatever their number, may perpetuate themselves in office by refusing to call an election. Again there is a conflict as to whether the purported directors validly adopted by-laws September 16, 1952. This conflict, too, the court resolved against defendants. This, too, is unimportant here, as the purported by-laws provided for an election to be held the last Thursday in October, 1952. This was not done. There can be no question under the evidence of the necessity of holding an election.

The evidence shows that there is a bitter antagonism between defendant Banks, who as pastor organized the church, defendants Parker, Johnson and Fite who support him, on the one hand, and plaintiffs and apparently all other members of the church on the other. Defendant Banks (whom the court in *Providence Baptist Church* v. *Superior Court,* 40 Cal.2d 55, 61 [251 P.2d 10], found had been removed as pastor) took the position that he as pastor had the real control of the corporation as well as the church body. The evidence clearly supports the finding here (referred to in the above cited case)

that a full, fair and free election cannot be held if it is to be conducted by either of the factions involved.

We are dealing, not with the church body itself, but with a corporation organized under the California corporation laws. Section 2200, Corporations Code, provides for an annual meeting of shareholders at which (§ 2201) directors shall be elected. Section 805 states that the directors named in the articles of incorporation shall "hold office until the next annual meeting of shareholders and until their successors are elected, either at an annual or a special meeting of shareholders." Other directors shall "hold office until the next annual meeting, unless the articles provide for a shorter term, and until their successors are elected." Thus it is contemplated that there should be annual election of directors. In the chapter dealing with elections of directors and with court actions to determine their validity appears section 2238: "The court may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, and direct such other relief as may be just and proper."

██ It is clear that the court has the right when it appears that a corporation election will not be held because of the failure of its directors to call it, or that such directors will not conduct a free, fair and full election to order one held under court auspices. This is not an ecclesiastical matter but a corporation one. ██ But even if it were ecclesiastical, as the corporation owns real and personal property, the matter would come within the qualified rule set forth in *Rosicrucian Fellowship* v. *Rosicrucian etc. Church*, 39 Cal.2d 121, 131 [245 P.2d 481]: "The general rule that courts will not interfere in religious societies with reference to their ecclesiastical practices stems from the separation of the church and state, but has always been qualified by the rule that civil and property rights would be adjudicated." (See also *Providence Baptist Church* v. *Superior Court, supra,* 40 Cal.2d 55, 60.)

### 2. *May Plaintiffs Maintain This Action?*

October 9th, the date of the filing of the complaint, plaintiffs were members of the church body. The same day a restraining order was issued restraining defendants from removing plaintiffs from church membership. Apparently believing that the removal of members from the church body (as distinguished from the corporation, although under the articles of incorporation only church members are shareholders of the corporation) was purely an ecclesiastical matter

and could not be interfered with by the court, the board of deacons (appointed by defendant Banks and of which defendants Johnson and Fite were two of the five members) disregarded the injunction and attempted to remove plaintiffs from membership from the church body. Therefore, claim defendants, the plaintiffs lost their right to maintain this action and to be elected directors of the corporation. ■ As to the latter contention, under section 804, Corporations Code, it is not required that a director of a nonprofit corporation be a shareholder,* so even if the three plaintiffs elected directors lost their status as members of the church, those three alone as directors of the corporation could maintain this action. The evidence as to whether under church usages and customs, the deacons must be elected by the congregation rather than as here, appointed by the pastor, is highly conflicting. The trial court resolved that conflict against defendants. But defendants claim this was purely an ecclesiastical question with which a court may not concern itself.

■ It would appear that because of the property rights involved here that rule would not apply to the question of membership in the corporation, at least, as distinguished from membership in the church. ''The courts of some jurisdictions, however, will review the validity of church or corporate regulations governing expulsion and the accordance of expulsion proceedings therewith, and *such review is always in order where a property or civil right is affected.*'' (20 A.L.R.2d 430; emphasis added.) In *Providence Baptist Church* v. *Superior Court, supra,* 40 Cal.2d 55, 61, the court said: ''Apparently the church is the congregational type in which its affairs are controlled by the members. That type exists 'where each local group is in charge of all its affairs through majority vote of its members and there is no control from above.' (*Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church, supra,* 39 Cal.2d 121, 133.)'' The court indirectly so found here. ''In the independent or congregational type of polity, for example, 'in all matters of procedure or discipline, *the will of the majority of its members in good standing is exclusive, with no superior or directing power.' Briscoe* v. *Williams,* (1946 Mo.App.) 192 S.W.2d 643 (Missionary Baptist Church).'' (20 A.L.R.2d 432; emphasis added.)

---

*Unless the articles of incorporation or by-laws require it. Here neither the articles of incorporation nor the purported by-laws so require.

■ While it is doubtful if the court in attempting to enjoin the deacons from removing plaintiffs from church membership had the power to do so, as being an interference in strictly ecclesiastical matters, it did have the power in view of property rights involved in the corporation question, to determine the validity of the removal as it affected their membership in the corporation. ■ As said in *Providence Baptist Church* v. *Superior Court, supra,* 40 Cal.2d 55, 60-61: "As long as civil or property rights are involved, the courts will entertain jurisdiction of controversies in religious bodies although some ecclesiastical matters are incidentally involved. . . . That there are civil and property rights present is apparent from the findings and judgment. The real property of the organization and funds collected are involved." (See also 20 A.L.R.2d 429, 430.)

3. *Conduct of the Election.*

In evidence in another case was the church membership roll containing some 3,000 names. The referee reported that he sent notices of the election to the members of the church, apparently to the names shown on that roll. Approximately 106 persons appeared at the time and place mentioned. The referee required all persons before voting to swear that they were members in good standing of the church. When the referee called for nominations, defendants Parker and Johnson and two other persons alleged to be friends of defendants were nominated, in addition to plaintiffs Burnett, Jones and Johnson. However, the first mentioned four declined the nominations and the three plaintiffs were elected without a dissenting vote. Defendants contend that the by-laws which they claim were previously adopted required the presence of a majority of the members. Section 2211 of the Corporations Code provides to the same effect, in the absence of by-laws. However, this was an election ordered under section 2238. ■ Defendants and their supporters, if any, cannot be permitted to obstruct the policy of the state which requires that the affairs of a corporation be managed by fairly elected directors, merely by staying away from a court-ordered election of which due notice was given. ■ In order that "just and proper" relief be given as required by section 2238, section 2211 (calling for a quorum) and the by-laws, if any, must be subject to the provisions of the first section. "An interpretation which gives effect is preferred to one which makes void." (Civ. Code, § 3541.) Moreover, there is no

showing that there was not a quorum present. The membership list was an old one. Some of the persons on it had died. Others have joined other churches. The church is located in the Third Street area of San Francisco. ▉ It is common knowledge that the population there is a quickly changing one. With such a fluid membership all that could reasonably be expected to be done by the referee was to send out the notices and vote those who responded and claimed membership. There is no evidence that any member did not attend the meeting called by the referee nor any claim that any person present was not a member (other than plaintiffs, whose membership has heretofore been discussed).

### OTHER QUESTIONS

▉ Defendants claim that they were prevented from holding an election in 1952 because the membership rolls were then in custody of the court in another action and they were denied access to them. The record shows that at no time did they apply to any court for either the rolls themselves or permission to inspect them. At most they applied to a deputy county clerk to inspect them "to see if those had been tampered with . . ." No demand was made of anybody that the claimed directors be permitted to see the rolls for the purpose of calling an election.

▉ Defendants contend that plaintiffs do not come into court with clean hands and therefore all relief should be denied them, citing *DeGarmo* v. *Goldman,* 19 Cal.2d 755 [123 P.2d 1]. This charge of unclean hands is based on defendants' contention that in the church body's internecine warfare plaintiffs were at fault and defendants were not. Assuming that disagreement with the conduct of the church's affairs by its pastor could be a basis of a charge of unclean hands, it should be pointed out that the evidence here indicates and the court indirectly found that the fault was with defendants rather than with plaintiffs.

▉ Although the complaint does not directly allege that plaintiffs are members of the corporation and would have been specially demurrable therefor, it alleges membership sufficiently to get by general demurrer. For example, it alleges that defendants were "attempting to terminate the membership of said plaintiffs with said corporation" and unless restrained defendants will "expel the said plaintiffs . . ."

Other contentions made by defendants concerning the right of the directors of a corporation to manage its affairs, etc.,

are beside the point here. This action is brought merely to compel the holding of an election of directors which the directors, if any, will not hold or cannot hold fairly, and not to control the management of the affairs of the corporation.

■ Defendants complain that the court did not make findings on many of the matters alleged in their answer. It was not necessary to do so for those matters were not germane to the issue here. Thus there was no issue here of "fraud or fraudulent conduct on the part of the ecclesiastical judicial tribunal" of the church, nor of the officers of the corporation (other than failure to call an election).

The judgment and decree are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 10, 1955, and the petition of appellant (Providence Baptist Church) for a hearing by the Supreme Court was denied April 6, 1955.