[Civ. No. 21564.   First Dist., Div. Two.   April 22, 1964]

AUBERRY UNION SCHOOL DISTRICT et al., Plaintiffs and Appellants, v. MAX RAFFERTY, as Superintendent of Public Instruction, et al., Defendants and Respondents.

Barnett & Robertson, Phillip Barnett and Rodney Robertson for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, Elizabeth Palmer and Richard L. Mayers, Deputy Attorneys General, for Defendants and Respondents.

SHOEMAKER, P. J. — Forty-one California school districts joined to bring this declaratory relief action against the State Superintendent of Public Instruction, the members of the State Board of Education, and the county committees on school district organization. The complaint prayed for an adjudication of the constitutionality of Education Code sections 3581-3587, 3113, 3169, and 2842,[1] and for a judicial declaration of plaintiffs' rights and duties in relation to these statutes.

Defendants moved to dismiss the action as sham on the grounds that there was no genuine dispute between plaintiffs and defendants and that the constitutional objections raised by the complaint were so thoroughly without merit as to be characterized as frivolous.

Defendants also demurred to the complaint on the grounds that plaintiffs were without legal capacity to sue, that there was a misjoinder of parties plaintiff, and that the complaint did not state facts sufficient to constitute a cause of action.

The trial court, after hearing, found each of the challenged sections of the Education Code to be constitutional, sustained the general demurrer to the complaint, and granted the motion to dismiss the action as sham. Plaintiffs appeal from the judgment of dismissal.

We find it unnecessary to discuss in detail the various Education Code sections referred to in this proceeding. These sections comprise a comprehensive legislative scheme pursuant to which the school districts, high school districts and unified districts located throughout the state may be reorganized in such a manner as to create countywide districts which shall provide educational programs including all

---

[1]Each of the enumerated sections has since been recodified. See now Education Code, sections 3003-3009, 3204-3210, 3306, and 1976.

grades from kindergarten through grade 12. Education Code, sections 3581-3587 and 3169, set forth procedures whereby plans for countywide reorganization or for other types of reorganization consituting intermediate steps toward such countywide reorganization may be prepared by county committees (or, in the event of their failure to do so, by the State Department of Education), approved by the State Board of Education, and submitted to the voters of the counties concerned. Education Code, section 3113, provides for representation on the county committees of all the members of the governing board of a school district included in whole or in part within the territory which the county committee has selected for possible reorganization. Education Code, section 2842, provides for the merger into a unified district of any elementary district and high school district whose boundaries have become coterminous.

Appellant school districts alleged that each of them, pursuant to Education Code, section 3113, was about to commence reorganizational studies with the county committees, had already commenced such studies, or had completed such studies and submitted reorganizational plans to the State Board of Education. Appellants further alleged that these reorganizational plans, when ultimately carried into effect, might directly affect appellants by causing them to lose their legal identity and assets. They also alleged the existence of a controversy between appellants and respondents as to the constitutionality of each of the above enumerated sections of the Education Code, and as to the interpretation to be accorded the various provisions thereof. With the exception of this broad allusion to a ''controversy'' concerning the constitutionality and interpretation of all of the challenged statutes, the complaint contains but one reference to an alleged specific point of dispute between the parties, namely: that appellants contend and respondents deny, that a county committee is entitled, pursuant to the above-mentioned sections of the Education Code, to submit to the State Board of Education reorganization plans which contemplate retention of the status quo and the preservation of an existing school district within a particular county.

Respondents, in support of their general demurrer and motion to dismiss the action as sham, denied the existence of any such dispute and asserted that they were in full agreement with appellants that the legislative scheme clearly authorized county committees to submit reorganization plans

which recommended the preservation of existing school districts as an intermediate step in the establishment of unified countywide districts. Respondents' denial was supported by the affidavit of the chief of the Bureau of School District Organization of the State Department of Education averring that on March 1, 1962, more than a year prior to the commencement of this action, said bureau had caused to be mailed to each of the county committees throughout the state a memorandum containing an opinion by the Attorney General and instructing the county committees that reorganization plans recommending the preservation of existing school districts could be submitted by them as an intermediate step toward the establishment of a unified district. The court also took judicial notice pursuant to Code of Civil Procedure, section 1875, subdivision 3, of the minutes of the State Board of Education, wherein said board had, on several separate occasions, rejected reorganization plans submitted by county committees for the express reason that it deemed the maintenance of the status quo preferable to the reorganization plan recommended by the county committee. Appellants filed no opposition to the motion to dismiss.

Code of Civil Procedure, section 1060, authorizes the granting of declaratory relief "in cases of actual controversy relating to the legal rights and duties of the respective parties. . . ."

Code of Civil Procedure, section 1061, provides for the denial of such relief where it is not "necessary or proper at the time under all the circumstances."

■ The trial court's determination whether or not declaratory relief should be granted will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. (*California Physicians' Service* v. *Garrison* (1946) 28 Cal.2d 790, 801 [172 P.2d 4, 167 A.L.R. 306]; *Lavine* v. *Jessup* (1958) 161 Cal.App.2d 59, 70 [326 P.2d 238].) ■ Although a court may deny declaratory relief by sustaining a general demurrer without leave to amend, it is better procedure for the court to exercise its discretion by granting a motion to dismiss or by some other procedure. *Moss* v. *Moss* (1942) 20 Cal.2d 640, 642-643 [128 P.2d 526, 141 A.L.R. 1422]; *Simpson* v. *Security First Nat. Bank* (1945) 71 Cal. App.2d 154, 157-158 [162 P.2d 494].)

The decisions construing Code of Civil Procedure, sections 1060 and 1061, have held declaratory relief to be proper only where there is a justiciable controversy, as distinguished

from a difference or dispute of a hypothetical or abstract character, from one that is academic or moot. (*Monahan* v. *Department of Water & Power* (1941) 48 Cal.App.2d 746, 750-751 [120 P.2d 730].) ■ A party seeking declaratory relief must plead facts rather than conclusions of law and must show a controversy of concrete actuality as opposed to one which is merely academic or hypothetical. (*Wilson* v. *Transit Authority* (1962) 199 Cal.App.2d 716, 722-724 [19 Cal.Rptr. 59].) Thus, the broad allegation that the parties are unable to agree on the interpretation of various provisions in a contract does not render declaratory relief necessary and proper. (*Taliaferro* v. *Taliaferro* (1959) 171 Cal. App.2d 1, 7-8 [339 P.2d 594].) ■ "And the bare allegation that a statute is in some particulars vague to the point where one bound to observe it is uncertain as to just what is thereby required is not a compelling reason why a court should attempt in a declaratory action to direct in detail the manner in which and the methods by which the administrative agency shall administer the law." (*Paraco, Inc.* v. *Department of Agriculture* (1953) 118 Cal.App.2d 348, 357 [257 P.2d 981].) Where it is apparent that the defendant does not actually oppose the position taken by the plaintiff, there obviously can be no controversy and there is nothing to be determined by the court. (*Maxwell* v. *Brougher* (1950) 99 Cal.App.2d 824, 828 [222 P.2d 910].)

■ In the instant case, the broad allegations of the complaint that appellants and respondents were unable to agree as to the constitutionality and interpretation of all of the challenged sections of the Education Code did not render declaratory relief necessary and proper within the meaning of Code of Civil Procedure, section 1061. Although the complaint, as above noted, did allege one concrete and actual point of disagreement between the parties and would therefore appear immune to attack by demurrer, respondents denied the existence of any such dispute in their motion to dismiss the action as sham. It is now settled that a speaking motion of this nature has been superseded by the enactment of Code of Civil Procedure, section 437c, and must be treated as a motion for summary judgment. (See *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168, 171-172 [35 Cal.Rptr. 106], and cases therein cited.) In the present case, however, appellants did not raise any question as to the propriety of respondents' use of the motion to dismiss, and the entire matter was duly argued and considered upon its merits. Moreover, respond-

ents' motion was adequately supported by an affidavit and by records judicially noticeable by the court and was not opposed by appellants. It follows that the technically improper form of the motion must be deemed nonprejudicial. (*Fidelity & Dep. Co.* v. *Claude Fisher Co.* (1958) 161 Cal. App.2d 431, 434-435 [327 P.2d 78].) Even when tested by the standards set forth in Code of Civil Procedure, section 437c, respondents' motion was clearly sufficient to establish the absence of any justiciable controversy as required by Code of Civil Procedure, section 1061.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 16, 1964.