[L. A. No. 21987. In Bank. Nov. 16, 1951.]

CLETUS H. J. JOLLIE et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; SOPHIE ANNA FISCHER, Individually and as Administratrix, etc., Real Party in Interest.

Knight, Gitelson, Ashton & Hagenbaugh and Alfred Gitelson for Petitioners.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

Marion P. Betty and Lionel T. Campbell for Real Party in Interest.

SCHAUER, J.—This is a petition for writ of prohibition, in which a hearing was granted by this court and the alternative writ issued after denial of the petition, without opinion, by the District Court of Appeal. The real party in interest (Mrs. Fischer, individually and as administratrix of the estate of her deceased husband) has filed an answer, demurrer, motion to strike, petition and motion to quash the alternative writ, and consolidated points and authorities, all of which are adopted by respondents superior court and the Honorable Caryl M. Sheldon, judge thereof, as their return to the alternative writ.

The petition alleges: In 1947 the Los Angeles Superior Court, in action 525286, rendered a judgment which has become final. The action was by petitioner Jollie (the surviving partner of Frederick Fischer, deceased) against Mrs. Sophie Anna Fischer (Fischer's widow and administratrix of his estate). The judgment was entered pursuant to stipulation between Jollie and Mrs. Fischer and their respective counsel, John M. Dvorin (Jollie's attorney, and one of petitioners herein) and N. E. Youngblood (Mrs. Fischer's attorney). It ordered Jollie to "wind up" the partnership (conducted under the fictitious name of Loyola Village Construction Company) and to pay 60 per cent of the "net profit" therefrom to Jollie, 30 per cent to Mrs. Fischer as administratrix, and 2½ per cent each to Dvorin, Youngblood, Samuel L. Kurland, and Dave Young. Kurland is an attorney who was representing both Jollie and Mrs. Fischer in other matters, and Young was construction superintendent of the Loyola Village Construction Company. Only Jollie and Mrs. Fischer were parties to the action but the judgment is conceded to be at least prima facie valid in favor of each of the persons to whom it makes an award.

In 1948 the superior court, in proceeding 260204, the probate of Fischer's estate, made an "Order Approving Compromise" which has become final. This order, made on petition of the administratrix, approves her stipulation and the judgment in action 525286, and approves acceptance by her of 30 per cent of the "net profit" of the partnership as the full interest of the Fischer estate in such partnership.

In 1949 the administratrix filed action 561185 against Jollie only (and this is the action proceedings in which are sought to be interrupted by the pending petition for prohibition), seeking to have the above described judgment in action 525286, the order in probate proceeding 260204, and the stipulation

on which they were based, set aside on the ground of fraud, and to have the court award to her 50 per cent of the "net profit" of the partnership rather than the 30 per cent she was to receive under the judgment and the probate order she was attacking. Jollie demurred on the ground that the four persons to whom the 2½ per cent payments were ordered in the judgment in action 525286 were indispensable parties.[1] The demurrer was overruled. Jollie was also denied permission to file a cross-complaint in the new action (No. 561185) bringing in the four persons. Over Jollie's objections to proceeding without the four persons, the case was tried on its merits, and petitioners (Jollie and Dvorin) now seek prohibition to restrain the superior court from filing findings of fact and conclusions of law, and entering judgment, against Jollie. Such proposed judgment by its terms would set aside the prior judgment and order (in action 525286 and probate proceeding 260204) and the stipulation on which they were based, enjoin Jollie from asserting their validity or attempting to enforce them, decree that the partnership business "has now been finally wound up and" is dissolved, and award the administratrix certain sums of money to be paid to her by Jollie. Petitioners do not allege that the four persons to whom the 2½ per cent payments were ordered under the judgment in action 525286 had not already received such amounts prior to the commencement of action 561185. They merely state that by the judgment in action 561185 the court proposes to award to Mrs. Fischer, the administratrix, 50 per cent of the net profits of the partnership, instead of 30 per cent, thus diminishing the percentage which Jollie himself is to retain out of the total (100 per cent) of such profits. They claim, nevertheless, that the four persons to whom the 2½ per cent payments (i.e., 10 per cent total) were ordered by the earlier judgment are indispensable parties to action 561185, that the court is therefore without jurisdiction to render the proposed judgment, and that prohibition will lie. (See *Bank of California* v. *Superior Court* (1940), 16 Cal.2d 516, 523 [106 P.2d 879].)

Respondents, in their answer[2] to the petition for the writ, allege: The judgment in action 525286 was "procured by the extrinsic fraud, threats, coercion, economic pressure and undue

[1]See section 389, Code of Civil Procedure.

[2]The answer incorporates by reference the allegations of respondents' petition to quash the alternative writ.

influence practiced and exerted upon'' Mrs. Fischer by Jollie, ''all as set forth in Findings of Fact and Conclusions of Law in action No. 561,185, signed and entered by the [respondent] trial Court below on May 16, 1951,'' and that such judgment as well as the stipulation and probate order have ''been set aside and held for nought as between'' Mrs. Fischer and Jollie ''by the Judgment . . . signed and entered[3] by the trial Court below on May 16, 1951 in cause No. 561,185.''

Respondents further allege that ''since the very date of'' Fischer's death Jollie ''by gross fraud, coercion, threats, economic pressure, and breach of trust did deprive'' the administratrix of ''her rightful share in the partnership business, assets and profits . . . and that in further pursuance of his design and scheme to continue to deprive her of her just rights . . . the pending Petition . . . was filed merely for the purpose of delay and to enable . . . Jollie, to cover up and dispose of assets''; that each of the four persons who was to receive a 2½ per cent interest under the judgment in action 525286 ''was a donee and recipient of a gift of money by'' Jollie ''which rightfully belonged to'' the administratrix ''which was done by said Jollie as a part of'' his ''fraud, coercion, pressure and undue influence''; that each of the four persons had notice of action 561185 ''but neither sought nor desired to become parties''; that Kurland, Young and Youngblood each was a witness for plaintiff in such action and Dvorin was a witness for Jollie, each of them was ''fully examined . . . on matters concerning the issues of extrinsic fraud, coercion and threats leading up to'' the stipulation and judgment in action 525286, and none of them objected for failure to be joined as a party defendant in action 561185 or requested such joinder; that Youngblood, Mrs. Fischer's attorney in action 525286, had assigned to her his 2½ per cent interest under the judgment in that action; that (as set forth in the findings in action 561185) Dvorin, Kurland, Young and Mrs. Fischer (as assignee of Youngblood) have each received some $6,000 on account of the respective 2½ per cent interests and that ''said sums represent amounts taken out of the 50 per cent share [of the partnership business] rightfully belonging to the'' administratrix and for which none of the four persons had given consideration; that the money judgment entered in favor of the administratrix in action 561185

---

[3]The findings, conclusions and judgment of May 16, 1951, were vacated by the trial court after a hearing on the petition for writ of prohibition had been granted by this court.

includes the amounts "paid out wrongfully" by Jollie to Dvorin, Kurland and Young. The parties agree that the trial in action 561185 consumed 79 days.

In support of the petition for the writ, petitioner Jollie contends that his remedy of appeal from the proposed judgment in action 561185 would be inadequate in that it would entail a large expenditure of time and money. As declared in *Mitchell* v. *Superior Court* (1950), 98 Cal.App.2d 304, 305 [219 P.2d 861], "This is insufficient."

However, Jollie's remedy by appeal would not avail petitioner Dvorin. On the merits of the question as to whether Dvorin and the other three persons who have been awarded a 2½ per cent interest under the judgment in action 525286 are indispensable parties in the second action (No. 561185), it appears from the record that the controversy in the second action is essentially between only Mrs. Fischer and Jollie, and that, notwithstanding the allegations relating to the four persons not parties to that action, the (proposed) judgment in such action could and would adjudicate only the respective percentages and rights of Mrs. Fischer and Jollie as between themselves in the profits of the partnership business. Petitioners themselves allege that the effect of the (proposed) findings and judgment in action 561185 would be to award to Mrs. Fischer 50 per cent of the profits, thereby leaving 50 per cent to be shared by Jollie and the four persons who were to receive the 2½ per cent interests. Also, Mrs. Fischer's charges of fraud, threats, coercion, etc., are directed only at Jollie; and the purpose of her action 561185 appears to be to recover only the 50 per cent interest in the partnership profits to which her deceased husband would have been entitled, leaving intact the 50 per cent interest to be shared by Jollie and the other four persons (or, the other three, in view of Youngblood's alleged assignment to Mrs. Fischer of his 2½ per cent interest) and not affecting in any way the judgment in action 525286 insofar as it adjudicates the rights of Dvorin, Kurland, Young and Youngblood (or his assignee).

In *Morrow* v. *Superior Court* (1935), 9 Cal.App.2d 16 [48 P.2d 188, 50 P.2d 66], petitioners for a writ of prohibition had, as plaintiffs, sued to recover one-half of the royalties and profits from oil lands which stood in the names of the successors in interest of one Ochsner. After filing their action they discovered that the Medallion Oil Company claimed the entire interest in such lands as against plaintiffs, Ochsner, and the latter's successors in interest. Plaintiffs thereupon moved in

the trial court for an order bringing Medallion into the suit as a party defendant, the trial court denied the motion, and plaintiffs sought prohibition to compel the trial court to join Medallion as a party before proceeding with trial of the case. This (Supreme) court, in its opinion denying a hearing after opinion by the District Court of Appeal denying the peremptory writ, stated: ''In denying the petition for hearing in the Supreme Court, after decision by the District Court of Appeal, we think it appropriate to say that the record fails to show that there will be any excess of jurisdiction of respondent court in proceeding, as it threatens to proceed in the action, while at the same time it refuses to grant the motion of petitioners to order the Medallion Oil Company brought in as party defendant. If the trial court had found, or the record indisputably showed, that 'a complete determination of the controversy cannot be had without the presence of other parties' (sec. 389, Code Civ. Proc.), then the provisions of the cited section 389 would be mandatory. This court has held that in such case the question would become one of jurisdiction *in that* the court would be without authority to proceed without bringing in said party, and that if, nevertheless, it assumed to do so it could be subjected to the prohibitory writ *quousque,* that is to say, until the performance of a certain act, or the happening of a certain event—in this case the bringing in of said party, Medallion Oil Company (*Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667, 671 [284 P. 445].)

''But here the court did not find and the record does not indisputably show that in the pending action in the court below, the controversy cannot be completely determined without the presence of Medallion Oil Company. In that action the court has not assumed control of the *res,* the property, or undertaken to determine its ownership against all the world. The action is simply one to determine adverse claims as between the plaintiff and the named defendants. While in such an action additional parties ordinarily may be brought in so as to include a settlement of their adverse claims, it is not our view that the controversy now before the court between the original parties may not be determined without prejudice to the rights of the oil company. Certainly those rights might be determined and the decree so drawn that it will save the rights, if any, of the excluded party. On the facts appearing, the question is not one of jurisdiction, and the court has jurisdiction to proceed without bringing in such party if in its

discretion it shall decide upon that as the proper course."
(Pp. 26-27 of 9 Cal.App.2d.)

In *Bank of California* v. *Superior Court* (1940), *supra,*
16 Cal.2d 516, 522, after first reviewing cases in which various
persons were held to be "indispensable parties," this court
declared that "The other classification ["necessary parties"]
includes persons who are interested in the sense that they
might possibly be affected by the decision, or whose interests
in the subject matter or transaction are such that it cannot
be finally and completely settled without them; but neverthe-
less their interests are so separable that a decree may be ren-
dered between the parties before the court without affecting
those others. These latter may perhaps be 'necessary' parties
to a complete settlement of the entire controversy or trans-
action, but are not 'indispensable' to any valid judgment in
the particular case. They should normally be joined, and the
court, following the equity rule, will usually require them to
be joined, in order to carry out the policy of complete deter-
mination and avoidance of multiplicity of suits. But, since
the rule itself is one of equity, it is limited and qualified by
considerations of fairness, convenience, and practicability."
It was held that in an action to enforce the provisions of an
alleged contract by which a decedent agreed to leave her
entire estate to the plaintiff, in which summons was served
only upon the executor of decedent's last will and upon the
residuary legatee and devisee to whom the will left the bulk
of the estate, the other legatees under the will were not indis-
pensable parties and prohibition would not lie to restrain
trial of the action until they should be brought in. And in
*First Nat. Tr. & Sav. Bank* v. *Superior Court* (1942), 19 Cal.
2d 409, 415 [121 P.2d 729], in which it was contended that
all asserted beneficiaries of a trust were indispensable parties
to an action against the trustee in which plaintiff sought to
establish herself as beneficiary of one-half of the trust income,
prohibition was denied with the statement, among others, that
"it is not shown that the portion of the income from the fund
claimed by the plaintiff in the pending action, if the same
be granted to her by the final judgment, will necessarily pur-
port to diminish any share or income to which persons not
now ordered to be brought in may become entitled under the
terms of the trust."

We may assume that the four persons to whom the 2½ per
cent interests were ordered paid by Jollie under the judg-
ment in action 525286 would have been "proper" parties

to Mrs. Fischer's action 561185 against Jollie, but, nevertheless, we conclude that they were not "indispensable" thereto in the sense that an adjudication of any rights they may claim under the judgment in action 525286 was essential to a determination of action 561185. Further, although the proposed judgment in action 561185 by its terms purportedly "cancels" the earlier judgment and probate order and restrains Jollie from asserting their validity, such proposed judgment does not, and the parties now before us agree that it could not, adjudicate the rights of the four persons as declared in the judgment in action 525286. In other words, as stated hereinabove, this controversy appears to be, and can be determined as, one between only Mrs. Fischer and Jollie, in which the rights of the four other persons need not, and in their absence as parties cannot, be determined or affected. Any judgment to be entered in action 561185 should, of course, preferably be so drafted as not to purportedly and vainly grant relief against persons who are not parties to the litigation before the court; as to them the court is without jurisdiction in the cause.

In view of our conclusion that petitioners have failed to show themselves entitled to the peremptory writ, it becomes unnecessary to consider the issues presented by respondents' motion to strike, and petition and motion to quash the alternative writ, and such motions will therefore be dismissed.

The alternative writ is discharged, the peremptory writ is denied, and respondents' motion to strike and petition and motion to quash are dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. concurred.