[Civ. No. 10569. Fourth Dist., Div. Two. Dec. 22, 1971.]

SHIRLEY ELIZABETH KING, Plaintiff and Respondent, v. KEITH KING, Defendant and Appellant.

320

## COUNSEL

Eugene L. Wolver for Defendant and Appellant.

Riedman, Dalessi, Deukmejian, Henry & Woods and Don N. Dyer for Plaintiff and Respondent.

## OPINION

KAUFMAN, J.—By her first amended complaint plaintiff sought, in essence, to recover from defendant Keith King (hereinafter defendant) certain real property paid for by plaintiff but placed in defendant's name during the existence of a confidential relationship between the parties and to recover damages for monies and securities appropriated by defendant during the relationship. The only other named defendant, State Mutual Savings and Loan Association, was dismissed as a party prior to trial. Although 10 Does were named as defendants, no person or entity was served as a Doe. Thus, defendant King was the only party defendant to the action.

Trial was to the court without jury. Findings of fact and conclusions of law were not requested and, thus, were waived. (Code Civ. Proc., § 632.) The court rendered judgment decreeing that plaintiff is the sole beneficial and equitable owner of certain described real property in the County of Riverside including a property known as the Palisades property; annulling and setting aside the homestead of defendant on the Palisades property; and ordering defendant to vacate said property forthwith and to execute and deliver to plaintiff such deeds or other instruments necessary or expedient to convey title to said real property to plaintiff. The judgment also decreed that, on account of the misappropriated securities, plaintiff is entitled to recover from defendant $70,000 and declared and impressed a constructive trust in that amount on Freeway Motor Homes and King Coaches, Inc. where the proceeds from the sale of the misappropriated securities were traced.

Although defendant's notice of appeal indicates that the appeal is from the entire judgment, he makes no attack on the propriety of those portions of the judgment decreeing that plaintiff is the owner of the property and that she is entitled to recover $70,000, and he expressly states in his briefs that the appeal is limited to two portions of the judgment: (1) the provision that "[t]he homestead of defendant KEITH KING on the 'Palisades property' is annulled and set aside . . . ." and (2) the provisions imposing a constructive trust upon Freeway Motor Homes and King Coaches, Inc.

The record on appeal does not contain a reporter's transcript of the trial. In lieu thereof the parties have submitted an engrossed settled statement.

### The Facts

#### Facts Pertinent to the Homestead Problem

Plaintiff and defendant were married in September 1959 and divorced in March 1963. According to the version of the facts apparently credited

by the trial court, the parties were considering and discussing reconciliation following their divorce until mid-November 1965. At the latter time defendant indicated to plaintiff that their relationship was terminated whereupon plaintiff demanded that defendant convey to her full title to the Palisades property, a life estate in which then stood of record in defendant's name. Defendant refused to comply, and on November 30, 1965, he married Carolyn Perkio, his present wife. On December 1, 1965, this action was filed. On December 8, 1965, defendant executed and recorded a "Declaration of Homestead by Holder of a Life Estate" on the Palisades property in favor of himself and his new wife. Carolyn Perkio did not sign the declaration of homestead, nor did she give any consideration therefor.

## Facts Pertinent to the Constructive Trusts

Late in November 1965, just prior to terminating the relationship between the parties, defendant received from plaintiff 2,937 shares of Fidelity Trend stock worth in excess of $70,000. A few days later, immediately after the termination of the relationship between the parties, defendant liquidated these shares and married his new wife, Carolyn. On or about December 10, 1965, nine days after this action was filed, defendant and his new wife left the country. There followed a series of transfers of the proceeds of said stock in and out of various business entities. The trial court traced the proceeds finally into Freeway Motor Homes, ostensibly a partnership between defendant and his new wife; and King Coaches, Inc., a corporation, the stock of which was held in the names of defendant and his new wife. Both defendant and Carolyn testified that defendant controlled the operations of the various corporations; that he deposited and withdrew monies from the various corporate accounts without regard to whether he was an officer, director, shareholder or employee. Carolyn also testified that she acted under the direction of defendant as far as business affairs were concerned; that she had put none of her own money into the corporations or the partnership; and that she was willing to return all of the stock that she had received from defendant whenever he might request it.

## Contentions and Issues

There is considerable argument throughout defendant's briefs to the effect that, since neither Carolyn Perkio King, Freeway Motor Homes nor King Coaches, Inc. were parties to the action, the judgment, insofar as it purports to or does affect their rights constitutes a deprivation of property without due process of law. This argument is completely inappropriate to the present appeal. Neither Carolyn Perkio, Freeway Motor Homes nor King Coaches, Inc. is a party to this appeal or has attempted to become a

party to this appeal. (See 3 Witkin, Cal. Procedure (1954) pp. 2180-2181 and authorities there cited.) Defendant, who is the sole appellant, was a party to the action and participated fully in the trial. The argument that Carolyn Perkio, Freeway Motor Homes and King Coaches, Inc. have been deprived of property without due process is not his to make. That argument will be theirs to make if and when, in some subsequent proceeding, plaintiff asserts that they are bound by the judgment. (See Code Civ. Proc., § 1908, subd. 2; 4 Witkin, Cal. Procedure (2d ed. 1971) pp. 3359-3360; cf. *MacDermot* v. *Hayes*, 175 Cal. 95, 108-111 [170 P. 616]; *Sampson* v. *Ohleyer*, 22 Cal. 200, 205-207; *Kartheiser* v. *Superior Court*, 174 Cal.App.2d 617, 619-620 [345 P.2d 135]; Rest., Judgments, § 89.) The question whether Carolyn Perkio, Freeway Motor Homes or King Coaches, Inc. is bound by the judgment is not before us on this appeal.

With the foregoing in mind, defendant's contentions on appeal may be summarized as follows: (1) that the validity of the homestead and the matter of defendant's transferring the proceeds of the Fidelity Trend stock to Freeway Motor Homes and King Coaches, Inc. were not issues within pleadings; (2) that Carolyn Perkio King, Freeway Motor Homes, and King Coaches, Inc. were indispensable parties to the action and that in their absence the court was without jurisdiction to render the portions of the judgment here contested; and (3) that the imposition of a constructive trust on the assets of a partnership is an impermissible procedure.

### Issues Outside the Pleading

There is a well-recognized exception to the general rule that the judgment must be confined to the issues raised by the pleadings. When an issue has been consciously tried by the parties without objection, the court may adjudicate the issue even though it was not formally raised by the pleadings. (*Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85, 87 [25 P.2d 415]; *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168, 171 [135 P. 502]; 4 Witkin, Cal. Procedure (2d ed. 1971) p. 3138.) The record on appeal discloses that the validity of the homestead and the matter of defendant's transfers of the proceeds of the Fidelity Trend stock were fully tried. The record does not disclose any objection on the part of defendant to the trial of these matters. Where the record is silent, all presumptions are indulged to support the judgment. (*Walling* v. *Kimball*, 17 Cal.2d 364, 373 [110 P.2d 58].) This contention of defendant must, therefore, be rejected.[1]

---

[1]The validity of the homestead, at least, was an issue encompassed by the pleadings. By her first amended complaint filed May 9, 1967, plaintiff sought to impose a trust upon the Palisades property and to have restored to her full title. The outstanding unresolved declaration of homestead on the property in the name of defendant, who, at the time it was recorded was the record owner of a life estate in the

## Indispensable Parties

■ Defendant did not raise this issue in the trial court by demurrer or answer or in any other fashion except, perhaps, indirectly in connection with his motion for new trial. Therefore, if Carolyn, Freeway Motor Homes, and King Coaches, Inc. are only conditionally necessary parties, as distinguished from indispensable parties, the claimed defect in the failure to join these parties has been waived by defendant and cannot be asserted by him on appeal. (Code Civ. Proc., § 434; *Peerless Ins. Co.* v. *Superior Court,* 6 Cal.App.3d 358, 361 [85 Cal.Rptr. 679]; *Rundell* v. *McDonald,* 62 Cal.App. 721, 727 [217 P. 1082].) Contrastingly, it is frequently stated that the failure to join an indispensable party constitutes a jurisdictional defect which may be raised initially on appeal. (E.g., *Peerless Ins. Co.* v. *Superior Court, supra; Holder* v. *Home Sav. & Loan Assn.,* 267 Cal. App.2d 91, 107 [72 Cal.Rptr. 704]; *Hardie* v. *Chew Fish Yuen,* 258 Cal. App.2d 301, 303 [65 Cal.Rptr. 594]; *U-Tex Oil Co.* v. *Pauley,* 209 Cal. App.2d 88, 95 [25 Cal.Rptr. 790]; see *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 522-523 [106 P.2d 879] and authorities there cited.)

The distinction between a conditionally necessary party and an indispensable party was discussed at length in the leading case of *Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, 520-524. In 1957 the Legislature amended section 389 of the Code of Civil Procedure to recognize the distinction and to clarify and restate existing case law. (See Cal. Law Revision Com. Rep. (1970) p. 516; 32 State Bar J. 501, 536.) That the amendment has not eliminated the confusion as to whether a party is indispensable or, merely, conditionally necessary is demonstrated by a review of the cases found in the annotated codes under the section. (See also Comment, 46 Cal.L.Rev. 100, 101-102; Comment, 33 So.Cal.L.Rev. 428, 431-433.)[2]

---

property, would constitute a cloud upon plaintiff's title. The scope of the first amended complaint was, therefore, sufficiently broad to include the validity of the homestead.

As to the transfers of the proceeds of the Fidelity Trend stock we note that such transfers all occurred after the commencement of suit and even after the filing of plaintiff's first amended complaint. It is not surprising, therefore, that these transfers were not specifically pleaded nor, under these circumstances, do we find it unusual that the parties would acquiesce in the trial of this matter without requiring formal amendment of the pleadings.

[2]In pertinent part Code of Civil Procedure section 389 provides:

"A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties.

"A person who is not an indispensable party but whose joinder would enable the

"The indispensable party doctrine operates harshly on parties before the court, and the situations in which it applies are few. In the *Bank of California* case [citation omitted], the court cautioned against the common blunder of regarding any 'necessary party' as 'indispensable,' and observed that 'we should . . . be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.' " (3 Witkin, Cal. Procedure (2d ed. 1971) p. 1808 [quoting in part *Bank of California* v. *Superior Court, supra,* 16 Cal.2d at p. 521]; see also *Muggill* v. *Reuben H. Donnelley Corp.,* 62 Cal.2d 239, 241 [42 Cal.Rptr. 107, 398 P.2d 147].)

Where a case has been fully tried without objection to the absence of parties and the claim that the absent parties were indispensable is raised for the first time on appeal, the rule's underlying policy considerations of avoiding piecemeal litigation and multiplicity of suits (see *Bank of California* v. *Superior Court, supra,* 16 Cal.2d at p. 520; Cal. Law Revision Com. Rep. (1970) p. 516) are of little consequence inasmuch as the judicial and litigant resources necessary to the litigation have already been expended. (See fn. 2, *ante.*) The only justification for the rule permitting the issue to be raised for the first time on appeal is that the absence of a party has precluded the trial court from rendering any effective judgment between the parties before it. (See *Jollie* v. *Superior Court,* 38 Cal.2d 52, 58-59 [237 P.2d 641] and *Muggill* v. *Reuben H. Donnelley Corp., supra,* 62 Cal.2d at p. 241 in which this was the test utilized notwithstanding that the issue was raised in the trial court.) When such is the case, the court

court to determine additional causes of action arising out of the transaction or occurrence involved in the action is a conditionally necessary party."

Perhaps much of the difficulty arises from the attempt to subsume under the classification "indispensable party" a number of different situations involving disparate policy considerations. (See Cal. Law Revision Com. Rep. (1970) p. 516, *supra.*) When the absence of a party "will prevent the court from rendering any effective judgment between the parties" before it, the court may in a sense lack subject matter jurisdiction. (See 3 Witkin, Cal. Procedure (2d ed. 1971) p. 1805; Comment, 33 So.Cal.L.Rev., *supra,* at p. 432.) In any event, the public policy underlying that portion of the rule is to avoid the waste of judicial and litigant resources in futile litigation. Those portions of the rule requiring joinder where the absence of a party "would seriously prejudice any party before the court" or a party whose interest "would be inequitably affected . . . by a judgment rendered between the parties" before the court are designed primarily to ensure fairness to the parties, both those before the court and those not. Secondarily, with respect to the last-quoted portion of the rule, the policy of avoiding multiplicity of actions comes into play. (See *Bank of California* v. *Superior Court, supra,* 16 Cal.2d at pp. 520-521; see generally, Cal. Law Revision Com. Rep. (1970) *supra,* p. 516.) Not only are the purposes to be served by the "indispensable parties" rule disparate, but it is obvious that the weight to be given the several policy considerations will differ depending upon the point in the litigation at which the problem is raised. The public policies against multiple litigation and futile litigation are of little consequence when the problem is raised for the first time on appeal following a full trial of the matter.

may be said to lack subject matter jurisdiction. (See 3 Witkin, Cal. Procedure (2d ed. 1971) p. 1805; Comment, 33 So.Cal.L.Rev., *supra,* at p. 432.) Indeed, Witkin explains: *"An indispensable party* is one who must be joined . . . in order that the court may proceed with the case. His interest in the subject matter is such that a valid final judgment cannot be rendered without him. The objection is not merely one of lack of jurisdiction of the person of the absent party; the court cannot even proceed to adjudicate the rights of the party before it because personal jurisdiction over an indispensable party is necessary for *jurisdiction of the subject matter."* (3 Witkin, Cal. Procedure (2d ed. 1971) p. 1805; original italics.)

Applying the foregoing principles to the case at bench we do not believe that Carolyn Perkio King, Freeway Motor Homes, or King Coaches, Inc. are properly classified as indispensable parties. Although it would certainly have conserved the resources of the courts and the litigants to litigate the rights and duties of these parties in the action, the case has now been fully tried, and we do not find in the absence of personal jurisdiction over these parties any insuperable obstacle to the adjudication of the issues as between plaintiff and defendant. In other words, the absence of these parties did not deprive the court of subject matter jurisdiction. Indeed, there is much relief that could have been and was afforded plaintiff that did not involve the absent parties at all. The fact that some relief is sought which may be beyond the power of the court to grant without personal jurisdiction over the absent parties does not defeat the court's subject matter jurisdiction. (*Bank of California* v. *Superior Court, supra,* 16 Cal.2d at p. 526; *Jollie* v. *Superior Court, supra,* 38 Cal.2d at p. 59.)[3]

Moreover, it should be noted that the declaration of homestead was not filed nor were the transfers by defendant to Freeway Motor Homes and King Coaches, Inc. made until after the commencement of this action. Indeed, it was not until after the commencement of this action that Freeway Motor Homes and King Coaches, Inc. were formed. Thus, a fundamental question posed by defendant's contention is whether, after an action is

---

[3]That portion of the judgment invalidating the homestead by its terms purports to deal only with the "homestead of defendant KEITH KING" and does not purport to adjudicate the rights of Carolyn Perkio King. She, of course, may be affected because it would appear that her rights, if any, in respect to the homestead (see *Schoenfeld* v. *Norberg,* 11 Cal.App.3d 755, 760-761 [90 Cal.Rptr. 47]; *Holmes* v. *Grange etc. Fire Ins. Assn.,* 102 Cal.App.2d 911, 917 [228 P.2d 889]; *Arighi* v. *Rule & Sons, Inc.,* 41 Cal.App.2d 852, 855 [107 P.2d 970]) are wholly derivative from the rights of defendant. While that portion of the judgment purporting to impose a constructive trust upon the assets of Freeway Motor Homes and King Coaches, Inc. does purport to affect them, as previously indicated, the question of whether they are bound by the judgment is not before us on this appeal. (Cf. *Jollie* v. *Superior Court, supra,* 38 Cal.2d at p. 59.)

filed, the defendant may by his own conduct create parties indispensable to the action, try the lawsuit without objection to the absence of these parties and then, upon receiving an adverse decision, assert the existence of these "indispensable" parties to defeat the court's jurisdiction. That he may not was long ago indicated. "A defendant cannot, by a transfer . . . *pendente lite,* defeat the action; the plaintiff may, notwithstanding, proceed to judgment . . . . If the law were otherwise, it would be in the power of the defendant to put the plaintiff to . . . [a] new action as often as he thought proper to assign." (*Sampson* v. *Ohleyer, supra,* 22 Cal. 200, 206; original italics.)

Subdivision two of section 1908 of the Code of Civil Procedure provides that one who acquires his interest in the subject of action subsequent to the commencement of the action with notice, actual or constructive, of the pendency of the action is bound by matters directly adjudged in the action notwithstanding he was not a party. This code provision necessarily implies that such a person may not be considered an indispensable party to the action. It is true, as defendant urges, that this code provision is merely a statement of a fundamental rule of res judicata. (See Rest., Judgments, § 89, *supra*.) Nevertheless, if such a person were classified as an indispensable party, subdivision two of section 1908 would be rendered meaningless. If such a person were an indispensable party, the judgment in the prior action would have been rendered without jurisdiction of the court (see *Bank of California* v. *Superior Court, supra,* 16 Cal.2d at pp. 522-523 and authorities there cited), and it could not be binding upon such a person as subdivision two of section 1908 dictates.

As previously indicated, Carolyn Perkio King, Freeway Motor Homes and King Coaches, Inc. acquired whatever rights they have in the subject of action after the commencement of the action. The record is silent as to when they, or indeed defendant, first obtained notice of the pendency of the action. However, findings of fact and conclusions of law were not requested and, thus, were waived (Code Civ. Proc., § 632), and all presumptions are indulged to support the judgment on matters as to which the record is silent. (*Walling* v. *Kimball, supra,* 17 Cal.2d 364, 373.) As between plaintiff and defendant,[4] therefore, it is presumed that the absent parties obtained notice of the pendency of the action prior to acquiring their interest in the subject of action.[5] Indulging this presumption, as be-

---

[4]Again, we emphasize that this issue cannot be adjudicated as between plaintiff and the absent parties in this appeal.

[5]Carolyn Perkio King was deposed and testified as a witness in the action. Moreover, it may be inferred that defendant acted as her agent in executing and recording the declaration of homestead. The evidence establishes that defendant completely dominated and controlled the affairs of Freeway Motor Homes and King Coaches, Inc. and that each of these business enterprises was the *alter ego* of defendant.

tween plaintiff and defendant, Carolyn, Freeway Motor Homes and King Coaches, Inc. constitute defendant's successors in interest pendente lite with notice of the pendency of the action within the purview of subdivision two of section 1908 of the Code of Civil Procedure and, by necessary implication from that statute, cannot be classified as indispensable parties.

### Constructive Trust on Partnership Assets

■ Citing no authority other than the code section, defendant contends that it is improper to impose a constructive trust on the assets of a partnership and that the exclusive procedure for reaching partnership assets is the issuance of a charging order pursuant to section 15028 of the Corporations Code. This contention is without merit.

The equitable remedy of imposing a constructive trust on wrongfully appropriated property or its proceeds transferred to a third person is well recognized where the property or proceeds can be sufficiently identified and traced and where the third person had knowledge or was charged with notice of the trust at the time of transfer. (E.g., *Lathrop* v. *Bampton*, 31 Cal. 17, 21; *Keeney* v. *Bank of Italy*, 33 Cal.App. 515, 517 [165 P. 735]; Rest., Restitutions, § 201, subd. (1).) Corporations Code section 15028 does not purport to limit the court's power to utilize the equitable remedy of constructive trust as against a partnership, nor does the propriety of implying any such limitation therefrom appear. Section 15028 is concerned with the rights of a creditor of one partner vis-à-vis the rights of the partnership and the other partners. Where specified property or its proceeds has been identified and traced into the hands of the partnership, the claim is not that of a creditor of one partner against the partnership or the partnership interest of a partner but that of the beneficial owner of the specific property against the partnership which has wrongful possession thereof.

Judgment affirmed.

Kerrigan, Acting P. J., and Gabbert, J., concurred.

A petition for a rehearing was denied January 18, 1972, and appellant's petition for a hearing by the Supreme Court was denied February 16, 1972.