Filed 7/24/14  AFC Low Income Housing Partners v. POZ Village Development CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AFC-LOW INCOME HOUSING PARTNERS,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>POZ VILLAGE DEVELOPMENT, INC.,<br><br>        Defendant and Appellant. | B247349<br><br>(Los Angeles County<br>Super. Ct. No. BC354676) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Ralph W. Dau, Judge.  Affirmed.

        Kennedy Kamrowski, J. Grant Kennedy for Defendant and Appellant.

        Reuben Raucher & Blum, Timothy D. Reuben and Stephen L. Raucher for Plaintiff and Appellant.

Plaintiffs United Housing Preservation Corporation (United), AFC-Low Income Housing Credit Partners-I, AFC American Housing Partners-16 and Housing Preservation Partners are partners in the Coliseo Housing Project, which was formed to construct and operate a low to moderate income housing project in Los Angeles. Plaintiffs removed defendants The Bedford Group (Bedford) and POZ Village Development, Inc. (POZ) as general partners in the Coliseo Housing Partnership and elected to buy-out their partnership interests. Plaintiffs then sought declaratory relief, including an order to compel an appraisal of the removed partners' partnership interests. Following the court-ordered appraisal, plaintiff United expanded the case to include causes of action for rescission, breach of contract and breach of fiduciary duty. The rescission cause of action were tried by the court, then the breach of contract and breach of fiduciary duty claims were tried by a jury. Defendant POZ now appeals from the final judgment in this matter disposing of all issues in this case.

POZ contends the court should have ordered in the final judgment that plaintiffs' buy-out of POZ's partnership interest be completed, and should have awarded interest on the appraisal valuation. POZ also contends the court erred in ruling that United's breach of fiduciary duty and breach of contract claims were not barred by the statute of limitations and also in granting United's motion for Judgment Notwithstanding the Verdict (JNOV). We affirm the judgment.

Facts

1. Background

The Coliseo Housing Partnership (Partnership) was formed in 1988 to construct and operate a low to moderate income housing project on Martin Luther King Boulevard near the Los Angeles Memorial Coliseum. The purpose of the Partnership was to qualify for and sell low-income housing tax credits. By October 1990, there were six partners in the partnership: plaintiff United (a general partner with a 0.5% interest), co-plaintiffs AFC–Low Income and AFC American (limited partners with a combined 97% interest), defendants POZ and Bedford (general partners with a combined 1.5% interest), and

2

Housing Preservation Partners (a limited partner with a 1% interest). The partnership was governed by the Amended and Restated Agreement of Limited Partnership of Coliseo Housing Partnership, effective May 1, 1990, (hereafter the Agreement).

The project was financed in part through a loan from the Community Redevelopment Agency ("CRA") for $3,954,000 and was built on land leased from the CRA.[1] The Partnership agreed to repay the loan in annual payments consisting of 50% of the residual rent receipts generated by the project. Another 10% of the residual rents receipts were to be paid to the CRA for the ground lease. The CRA held the second Deed of Trust on the property.

From completion of construction through the end of 1995, the project was managed by TBG Management, an arm of Bedford. In late 1995, the CRA discovered that TBG had distributed $342,000 to Bedford and POZ, an action which affected the residual rent receipts calculation. The CRA believed it was owed $155,705 as its share of the residual rent receipts generated by the project through the end of 1995. Bedford contended that the distributions were permissible because the Partnership owed $1,743,000 to Bedford and POZ for their efforts in developing the project, and those payments on that promissory agreement (the "Developer's Note") took priority over repayment of the CRA.[2] The CRA disagreed, declared a default and filed a notice of foreclosure in February, 1996.

---

[1] The project was also financed by a $3,500,000 loan from another lender, who held the first Deed of Trust on the property, which was to be repaid by fixed monthly payments.

[2] The liability for this Note was reflected in the Partnership's financial statements for the years ended December 31, 1991, 1992, 1993, 1994, 1995 and 1996 which show, in the notes under "liabilities other than current," notes due to the general partners in the amount of $1,743,000. The statements for 2004 and 2005 do not show these debts. They contained a note which states: "During 2004, it was discovered that the general partner notes totaling $1,743,000 were not valid notes and should never have been recorded on the books of the Partnership. . . ." In August 2009, while this action was still pending, the Partnership filed a separate lawsuit to cancel the Note. (Los Angeles County Superior Court Case No. BC419577.) The court found in favor of POZ and Bedford on two

3

The CRA later withdrew the notice of foreclosure pursuant to an agreement with the Partnership, after the Partnership removed TBG as the property manager and agreed to put all income from the property into a trust account which required written approval of the CRA for disbursements and to pay the CRA 100% of the residual rents until the debt was paid was off.

The project generated $39,973 in residual rents for 1996. No residual rent receipts were generated by the project from 1997 through 2004. In August 2004, the CRA renewed its demand for payment for the earlier debt, which now totaled $195,677. United "advanced" the sum of $195,677 to the Partnership which the Partnership paid to the CRA to avoid foreclosure. According to United's expert, United would have had to repay millions of dollars in tax credits and penalties if the project were foreclosed upon.

On April 26, 2006, the limited partners of the Partnership notified POZ and Bedford that they had been removed as general partners. United elected to continue the business of the Partnership as a General Partner.

2. The lawsuit

United filed this lawsuit on June 28, 2006. The complaint contained two causes of action, both seeking declaratory relief. A request to compel an appraisal of POZ's and Bedford's partnership interests was included in the prayer for relief. United moved to compel an appraisal. This motion was denied by the trial court, which found that United had not clearly elected to buy-out the interests of POZ and Bedford.

United subsequently served a notice of buy-out election in which it stated: "[t]he purpose of this letter is to provide you with notice that United Housing Preservation Corporation will buy-out your company's interest in the Partnership." On November 27, 2006, the court ordered the parties to submit to the process provided in the Agreement for

substantive grounds, and also found the action was barred by the statute of limitations. The Partnership appealed. On May 6, 2013, we affirmed the trial court's judgment, finding the court was correct that the claims were barred by the statute of limitations. (Case No. B236713.)

4

an appraisal. Each side appointed their own appraiser, and on October 26, 2007, the sides exchanged appraisals. The appraisals were far apart. United's appraiser valued the partnership interests at $42,000. POZ's appraiser valued the partnership interests at $6,928,695.

On October 15, 2008, the court appointed William Hanlin, Jr. to perform the third appraisal called for in the Agreement. On April 27, 2009, Hanlin served his revised award on the parties. He valued POZ's interest at $4,891,658 and Bedford's at $3,052,554, for a total of $7,944,212. The appraiser included the Developer's Note in his valuation, which was shown with a value of $2,857,474 for each partnership interest, for a combined total of $5,714,948.

United filed a motion to vacate the award on the ground the appraiser exceeded his authority by including the Developer's Note in the valuation. POZ filed a motion to confirm the award. On June 12, 2009, the trial court denied United's motion to vacate the award, but did not enter the judgment proposed by POZ, which would have ordered United to pay the amount of the appraisal award to POZ and Bedford.

United filed a Motion for Leave to File a First Amended and Supplemental Complaint, which sought to add claims for rescission and for damages based on breach of contract and breach of fiduciary duty, plus declaratory relief concerning POZ's and Bedford's "tender" of their partnership interests. On August 3, 2009, the trial court denied the motion. That same day, the court entered an Interlocutory Judgment Regarding Valuation Determined by Appraiser, which stated: "IT IS ORDERED, ADJUDGED, AND DECREED that as of October 17, 2006, the value of the interest of POZ Village Development Corporation in the Coliseo Housing Partnership is $4,891,658 and the value of the interest of The Bedford Group in the Coliseo Housing Partnership is $3,052,554."

United filed a separate action on October 15, 2009, to pursue the claims it had sought unsuccessfully to raise in its first amended complaint in this action. (Los Angeles Superior Court Case No. BC424019.)

5

In this case, trial was set for November 2009 on United's cause of action for a declaration that POZ and Bedford had been properly removed as general partners of the Partnership. On November 12, 2009, POZ filed a trial brief which contended that the buy-out dispute should be fully resolved in this action. POZ contended the trial court should declare that POZ's and Bedford's partnership interests were delivered and that payment in full was due to POZ and Bedford. That same day, United filed a Notice of Related Case concerning Case No. BC424019.

On November 13, the court issued an order permitting United to file and serve an amended and supplemental complaint raising the issues it had raised in Case No. BC424019. The court found that Case No. BC424019 was a related case. The court further ordered that United's declaratory relief and rescission claims would be tried to the court first, as Phase One of the trial.

On January 11, 2010, United filed its First Amended and Supplemental Complaint. POZ filed their Answer on February 16, 2010.

On November 10, 2010, POZ sought leave to file a Cross-Complaint for declaratory relief. United opposed the filing of the cross-complaint. The court denied the request.

In February, 2011, the Phase One court trial on United's rescission claims took place. United lost on its rescission claims.

On May 12, 2011, the court issued a minute order stating it was reconsidering its confirmation of the appraisal award, and requesting briefing from the parties.

In October 2011, after briefing and argument by the parties, the trial court issued its Order on Reconsideration in which it found the appraiser had exceeded his powers. The court set aside its 2009 order confirming the award and the resulting interlocutory judgment.

On December 5, 2011, POZ appealed from the order vacating the appraisal award. (Case No. B237721)

In May, 2012, the Phase Two jury trial took place. POZ asserted the claims were barred by the statute of limitations, but the trial court found the claims were not time-

6

barred.  The jury found for United on its breach of fiduciary duty claim and against United on its breach of contract claim.  The jury awarded United no damages for the breach of fiduciary duty.  United filed a Motion for Judgment Notwithstanding the Verdict and a Motion for New Trial challenging the jury's award of no damages.  The trial court granted both motions on August 6, 2012, and found that United was damaged in the amount of $195,677.

On August 6, 2012, the court issued a document entitled Judgment After Phase One and Phase Two Trials.  The document contained no reference to the appraisal award, which had been vacated by the court, and which was the subject of a pending appeal.

On August 31, 2012, we issued our opinion reversing the trial court's orders concerning the appraisal.  (Case No. B237721.)

On September 21, 2012, United filed a notice of appeal from the judgment after the court trial.[3]  United attached the court's August 6 Judgment in the Phase One and Phase Two Trials to the Civil Case Information Statement.  POZ and Bedford did not file a cross-appeal.  (Case No. B244108.)

On November 20, 2012, remittitur issued in the appraisal appeal, and pursuant to our direction, the trial court reinstated its August 3, 2009 Interlocutory Judgment concerning appraisal.

On November 1, 2012, POZ filed a Motion for Entry of Final Judgment.  POZ pointed out that Code of Civil Procedure section 1287.4 mandates an enforceable judgment for arbitration awards and that no such judgment had been entered in this case.  The only judgment concerning the appraisal award was labeled "interlocutory."  POZ contended that all the issued tried and resolved in this case should be incorporated into one final judgment.  In addition, POZ again contended that the judgment should order the buy-out to be completed and United to pay POZ and Bedford the appraised value of their partnership interests.

---

[3]    United contends POZ was required to appeal at that same time and raise any claims that existed then or lose the right to appeal.  We do not agree.

7

On February 8, 2013, the court entered its Final Judgment in this matter. This judgment contained three paragraphs. The first paragraph stated that the value of POZ's partnership interest was $4,891,658 and Bedford's $3,052,554. The second paragraph stated that United took nothing on its causes of action for rescission. The third paragraph stated that "POZ and Bedford must pay United $195,677 together with prejudgment interest in the amount of $109,766.76, a total of $305,443.76, and its costs of suit in the amount of $13,284."

On March 7, 2013, POZ filed its Notice of Appeal in this matter. On April 15, 2013, United filed a Motion to Dismiss POZ's appeal. On May 2, 2013, we denied this Motion. We stated that "at this stage it is impossible to determine that there are no issues [that] can be lawfully litigated." We instructed the parties to discuss the issue in their briefs. United has added no new facts or arguments concerning appealability in its brief. There is no reason to reconsider our previous ruling.[4]

On October 17, 2013, we affirmed the trial court's judgment in the court trial, which denied United's rescission claims. (Case No. B244108.)

Discussion

1. Judgment – Buy-out

As we discuss above, the interlocutory judgment which the court entered following completion of the appraisal process simply stated the dollar value of POZ's and Bedford's partnership interests, as did the final judgment in this matter. POZ contends the trial court erred in refusing to enter a judgment ordering United to complete its buy-

---

[4]     United has claimed the August 6, 2012 Judgment was the final judgment in this matter, and the court's February 8, 2013 Final Judgment was either the correction of a clerical error or a separately appealable collateral order. The addition of the appraisal award to the February 8 judgment was a substantial modification to the judgment. (See *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214 [when amended judgment results in a substantial modification of a judgment, the amended judgment supersedes the original and becomes the one final appealable judgment in the action].)

8

out of POZ's partnership interest by paying POZ the appraised value of the partnership interest. We see no error.

Generally, a judgment must be confined to the issues raised by the pleadings. (*King v. King* (1971) 22 Cal.App.3d 319, 324; *J.R. Norton Co. v. Agric. Labor Relations Bd.* (1987) 192 Cal.App.3d 874, 888.)

The judgment at issue arises from the declaratory relief cause of action brought by United in its original complaint.[5] That cause of action requested (1) a declaration that POZ and Bedford had been removed as general partners and their partner interests converted to limited partners; (2) a declaration "determining the rights and responsibilities of POZ and Bedford with respect to the Partnership, including a determination that the buyout called for by the Partnership Agreement resolves any obligations owed to POZ and Bedford;" and (3) an order compelling POZ and Bedford to appoint an appraiser . . . to determine the fair market value of the general partner interests of the defendants."

There is nothing in United's cause of action which would have permitted, much less required, the trial court to order United to complete the buy-out and/or the pay the amount of the appraisal. United did not seek such relief. POZ did not file, or attempt to file, a cross-complaint to the original complaint seeking affirmative relief.[6]

POZ argues that because an appraisal is a form of arbitration, Code of Civil Procedure section 1287.4 requires a judgment that makes the buy-out election final and enforceable.

---

[5] United initially brought two causes of action, one for declaratory relief and one for dissociation. The dissociation cause of action was later dismissed without prejudice.

[6] In its answer to the First Amended Complaint filed by United, POZ did request the trial court to "do all steps necessary to finalize the dispute between plaintiff and defendant including the payments of all sums due from the partnership" to POZ and Bedford. Affirmative relief may not be claimed in an answer. (Code Civ. Proc, § 431.30, subd. (c).)

9

Section 1287.4 requires a judgment to be entered in conformity with the confirmed arbitration award. The scope of any arbitration, including the award, is determined by the parties' agreement to arbitrate. Here, the parties did not agree that any disputes arising from a buy-out would be resolved by arbitration; they agreed only that any disputes about the value of partnership interests would be submit to limited arbitration in the form of an appraisal.[7] To the extent POZ contends we held otherwise in our opinion in B237721, POZ is mistaken.

The appraiser properly determined only the value of the partnership interests, and issued an award giving his valuation of those interests. The court confirmed the award and, in accordance with section 1287.4, entered a judgment stating the dollar value of POZ's and Bedford's partnership interests. (See *Devonwood Condominium Owners Assn. v. Farmers Ins. Exchange* (2008) 162 Cal.App.4th 1498, 1505-1506 [appraisal is a limited form of arbitration which determines value and confirmation of an appraisal award is "limited to the issuance of a judgment which brought finality to the dollar amount of [the thing appraised] and nothing more."].)

2. Estoppel

POZ argues that United was equitably and judicially estopped from claiming that it was not obligated to buy-out the appraised interest and objecting to a judgment which ordered them to complete the buy-out.[8] We do not agree.

---

[7]    Section 9.01(b) of the Agreement provides: "The withdrawing General Partner shall appoint an appraiser. Within 15 days after receiving notice of such appointment, the Successor General Partner shall appoint an appraiser. If the two appraisers so appointed shall be unable to agree on the fair market value of the withdrawing General Partner's General Partner Interest within 30 days, they shall appoint a third appraiser. The decision, in writing, of the third appraiser shall be binding and conclusive . . . . "

[8]    United contends POZ did not raise the issue of estoppel in the trial court and so cannot raise them on appeal. United is mistaken. POZ did raise estoppel in the trial court.

10

POZ's claim of estoppel is based on the trial court's requirement that United make a clear election to buy-out POZ and Bedford before the court would compel an appraisal, and on United's agreement that it would make such an election. United followed through on this agreement and served a notice of buy-out election.

United did not object to POZ's proposed judgment on the ground that United had not elected to buy-out the appraised interests. United objected on procedural grounds. United contended that all issues raised by the pleadings had been resolved. United also argued that POZ's proposed judgment was, in effect, seeking specific performance of the buy-out, but POZ did not have a cross-claim for specific performance and could not seek affirmative relief in their answer. United further contended that in accordance with our decision on appeal, the court could only reinstate the interlocutory judgment which simply stated the value of defendants' partnership interests, as determined by the appraisal. There is no reason United should be estopped from making these arguments.

3. Cross-complaint

POZ contends that if United's pleadings did not permit the entry of a judgment ordering the buy-out to be completed, then the trial court erred in refusing to allow POZ leave to file a cross-complaint seeking such relief.

The trial court made no express finding as to whether the proposed cross-complaint was compulsory or permissive, but appears to have treated the cross-complaint as compulsory. In its statement of decision, the court quoted the provisions of Code of Civil Procedure section 426.50 concerning leave to file compulsory cross-complaints and also the legal definition of a compulsory cross-complaint. Further, the court made a finding of bad faith, which is relevant in ruling on motions to file compulsory cross-complaints. The trial court erred in treating the cross-claims as compulsory.

Code of Civil Procedure section 426.60 provides that article 2 governing compulsory cross-complaints does not apply "where the only relief sought is a declaration of the rights and duties of the respective parties in an action for declaratory

11

relief." (Code Civ. Proc., § 426.60, subd. (c).) [9] Section 426.50, which was quoted by the trial court, is found in article 2. Since the cross-complaint which POZ sought to file contained only a claim for declaratory relief, the provisions of section 426.50 did not apply.

Although we find the trial court erred, there is no need for a remand of the matter to permit the trial court to reconsider POZ's request to file a cross-complaint for declaratory relief. POZ has filed a separate action seeking specific performance of the Agreement, and so now has an accrued cause of action for breach of contract. Declaratory relief would no longer be appropriate. (See *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1497 ["Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs"].)

4. Judgment - interest

POZ contends the court erred in failing or refusing to award interest on the appraisal award amount. POZ contends that since the Developer's Notes call for interest, and the Notes are included in the appraisal valuation, interest has been accruing and should be added in the Judgment to the appraised value of the interests. POZ cites no legal authority to support this claim.

The appraisal award determined the value of the partnership interests at the time of the appraisal. This value was based on both the amount of the Developer's Note (including interest accrued to that time) and the value of the partner's equity interest in the partnership. There is no way to know what, if any, effect the accrued interest might have on the value of the equity interest. Accordingly, there is no merit to POZ's claim that any accrued interest should simply be added to the awards.

---

[9] Additionally, Code of Civil Procedure section 1062 provides that "no judgment under this chapter [pertaining to declaratory relief] shall preclude any party from obtaining relief upon the same facts."

5.  Statute of limitations and JNOV ruling

POZ "briefly" raises two other issues.  POZ contends the trial court erred in finding that United's claims were not barred by the statute of limitations.  POZ also contends the trial court erred in granting United's motion for judgment notwithstanding the verdict.

a.  Statute of limitations

POZ contends, correctly, that the statute of limitations for a breach of contract action is four years from the date of the breach.  The trial court was mistaken in finding otherwise.

The statute of limitations for breach of a written contract is four years. (Code Civ. Proc, § 337(1).)  "While incurring a loss has always been a prerequisite to accrual of a cause of action in tort, it has never been a requirement in contract law."  (*Tabachnick v. Ticor Title Ins. Co.* (1994) 24 Cal.App.4th 70, 76.)  A cause of action for breach of contract generally "accrues at the time of breach regardless of whether any substantial damage is apparent or ascertainable."  (*Menefee v. Ostawari* (1991) 228 Cal.App.3d 239, 246.)

United acknowledges on appeal that POZ's and Bedford's breaches occurred no later than 1996.  United did not file its first complaint in this matter until 2006, more than four  years after the 1996 breaches, and so well outside the statute of limitations for a breach of contract claim.  United did not prevail on its breach of contract cause of action, however, so no relief would appear to be warranted for POZ.

POZ contends, correctly, that the statute of limitations for breach of fiduciary duty is also four years.  (Code Civ. Proc., § 343; see *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1230.)  POZ does not dispute that this cause of action accrues only when the plaintiff suffers harm.

POZ argues, without citation to legal authority, that United's cause of action for breach of fiduciary duty arose when the breaches occurred and thus no later than 1996, the last year POZ and Bedford caused the residual rent receipts to be paid to themselves rather than the CRA.  POZ also argues, without citation to legal authority, that United

13

was a "volunteer" and that a time-barred claim cannot be revived by one who voluntarily pays out money on account of another's breach of a duty, and then claims to be injured by that payment.

In addition to lacking legal authority, POZ's argument is factually inaccurate. United did not claim that it suffered harm because it had some right to the money POZ and Bedford took. If POZ had taken money United claimed as its own, POZ would have a good argument that United's claim accrued when it became aware that the money had been taken. If United was somehow directly liable for payments to the CRA in the event the Partnership failed to pay the CRA, POZ might have a good argument that United's claim accrued when it learned the money had not been paid to the CRA. But United has not made those claims of harm. United claimed it was not harmed until 2004, when the CRA filed a notice of foreclosure and the Partnership did not have the $195,677 needed to pay off the debt underlying the foreclosure. United's expert explained at trial that United would be harmed if foreclosure took place because United would then have to repay millions of dollars in tax credits and penalties. United, in effect, "mitigated" those damages by paying off the debt and stopping the foreclosure. POZ does not explain why United's claim that it would be damaged by foreclosure would be time-barred.

### b. JNOV

It is an appellant's burden to prove error, and appellant has completely failed to do so in its claim concerning the JNOV. POZ has cited no legal authority at all on this issue and has failed to support his limited and incomplete factual argument with citations to the record.

"[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) We do so.

14

Disposition

The judgment is affirmed.  Plaintiffs are to recover costs on appeal.  Pursuant to stipulation of counsel and this Court's November 13, 2013 order, each party is to bear its own costs on the dismissed cross-appeal in this matter.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.*


We concur:


TURNER, P.J.


KRIEGLER, J.

---

*     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.